WILLIAM H. PERRY CO. v. KLOSTERS AKTIE BOLAG.

(Circuit Court of Appeals, First Circuit. April 18, 1907.)

No. 694.

1. COURTS—JURISDICTION OF FEDERAL COURTS—SUFFICIENCY OF RECORD.

While parties cannot confer jurisdiction on a federal court by consent, still where the jurisdictional facts are properly alleged, and thus properly appear on the record, and the parties proceed to trial on pleadings which go to the merits, and, particularly, when the jurisdictional facts are not subsequently put in issue by the defendant nor seriously denied, the case ordinarily will not be dismissed for want of jurisdiction, where the proofs do not create a legal certainty that it is not within the jurisdiction.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, §§ 155, 156.]

2. SALE—DELIVERY—PASSING OF TITLE.

Under a contract for the sale of a cargo of foreign iron to be delivered from the ship, custom house charges paid, the unloading of the iron on a wharf, from which it was being removed by the purchaser without any objection to the quality or quantity at the time of its loss, and the payment of the duties constituted such a delivery as to pass the title.

Appeal from the Circuit Court of the United States for the District of Rhode Island.

Walter H. Barney (Barney & Lee and James B. Littlefield, on the brief), for plaintiff in error.

Henry A. Wise (Gardner, Pirce & Thornley and J. S. & H. A. Wise, on the brief), for defendant in error.

Before COLT and PUTNAM, Circuit Judges, and ALDRICH, District Judge.

ALDRICH, District Judge. It is alleged in the declaration that the plaintiff Klosters Aktie Bolag, is a corporation duly created, established, and organized by and under the laws of the Kingdom of Sweden, a foreign state, and a citizen and subject of said foreign state, and that the defendant is a corporation and a citizen of Rhode Island. These allegations are quite sufficient to give the Circuit Court jurisdiction. To this declaration the defendant pleaded the general issue, and gave notice of a claim of recoupment; and the cause came on for trial upon the merits. The case, therefore, does not stand at all like one where a jurisdictional question is raised upon motion or upon pleadings in limine, when jurisdiction must clearly appear upon the record. During the course of the trial, and after the plaintiff had rested its case, the point was taken by the defendant that the plaintiff had not shown either the fact of incorporation or foreign citizenship. The plaintiff contended that jurisdictional proofs were waived by pleading to the merits; but, without deciding the question of waiver, the court opened the case, and the plaintiff introduced a paper of which the following is a copy:

(Translation.)

It is hereby certified that the Royal Patent and Registry Office has on the 6th day of September, 1897, granted registration of the Klosters Aktie Bolag and that in the register of Joint Stock Companies on the 11th day of September, 1905 is filed, that the Board of Directors with domicile at Klosters Brukin the parish of Husby in the government of Kopperberg consists of Mr. Carl Hartin Samuel Nisser, Manufacturer, at Stjernsund in the parish aforesaid, Mr. Harald Funch, Engineer, and Mr. Arvid Gustaf Mikael Hermarck, Manager, both at Stockholm, with Mr. Carl Wilhelm Nisser, Manufacturer, also at Stockholm as substitute, that the firm of the Company is signed by any and each of the members of the Board of Directors and that up to this date no other entry concerning the Board of Directors of the Company has been filed in the register of Joint Stock Companies.

Stockholm the 17th of April, 1906.

Ex Officio. [Signed] E. F. Bjorkman.

The defendant then proceeded by the introduction of evidence. After both parties had rested their case, the defendant took the point that the paper failed to prove the plaintiff to be a corporation, but did prove it to be a joint stock company in the nature of a partnership, and therefore did not sustain the allegation of jurisdictional facts.

This is not a case upon removal from the state court, but one instituted originally in the Circuit Court; nor is it a case where the plaintiff failed to sufficiently allege jurisdictional facts.

We do not deem it necessary to inquire or decide how far the authorities, which hold that pleading to the merits is a waiver of the ne-

cessity of the plaintiff's proving the existence of the corporation, tend to sustain the proposition that pleading to the merits is a waiver of a defective allegation of jurisdictional facts, because this case, in our view, does not stand at all upon that ground.

The federal courts being courts of special and limited powers, jurisdictional questions disclosed by the record are always open; and, if it turns out that the parties and the court have inadvertently overlooked points in the record which are fatal to the jurisdiction, the case may and ordinarily will be dismissed, either with or without motion. Still, while the parties cannot confer jurisdiction by consent, where the jurisdictional facts are properly alleged, and thus properly appear upon the record, and the parties upon pleadings which go to the merits, proceed to trial, and particularly where the jurisdictional facts are not subsequently put in issue by the defendant or seriously denied, the case ordinarily will not be dismissed for want of jurisdiction, and this is especially so where the proofs do not create a legal certainty that the controversy involved is not within the jurisdiction. Barry v. Edmunds, 116 U. S. 550, 6 Sup. Ct. 501, 29 L. Ed. 729. See, also, Gubbins v. Laughtenschlager (C. C.) 75 Fed. 615; Railroad Company v. Quigley, 21 How. 202, 16 L. Ed. 73; Conard v. Atlantic Insurance Company, 1 Pet. 386, 7 L. Ed. 189; Evans v. Gee, 11 Pet. 80, 9 L. Ed. 639; Wickliff v. Owings, 17 How. 47, 15 L. Ed. 44; Deputron v. Young, 134 U. S. 241, 250, 10 Sup. Ct. 539, 33 L. Ed. 923; Wetmore v. Rymer, 169 U. S. 115, 18 Sup. Ct. 293, 42 L. Ed. 682; Blackburn v. Mining Company, 175 U. S. 571, 574, 20 Sup. Ct. 222, 44 L. Ed. 276.

The certificate of organization in Sweden was not strictly a part of the record of the Circuit Court. Upon the record the jurisdictional facts appear. The certificate is a part of the evidence in the case, and, if we were to assume that the issue in respect to the jurisdictional fact alleged in the declaration was open for proofs aliunde after the case was put upon trial upon the general issue and without any plea to the jurisdiction, we should have to hold that the articles of association, unexplained by evidence or by the law of the foreign country, did not create a legal certainty that the plaintiff was a joint stock company in the nature of a partnership rather than a corporation, as alleged in the record. The registration was granted by the Royal Patent and Registry Office, and the company apparently has a board of directors, which would indicate that it was in the nature of a corporation. The fact that registration was had in the registry of joint stock companies does not make it at all certain that the association was a joint stock company in the nature of a partnership rather than a corporation.

Entertaining the contention of the defendant, as to the effect of the certificate as a piece of evidence, so far as to see that it does not clearly disclose facts fatal to the jurisdiction, we need not consider or decide the general question, immaterial here, whether a jurisdictional allegation of fact, properly appearing in the record, can be opened at the end of a jury trial upon the general issue, in a case where, at such a stage of a trial, aliunde evidence clearly establishes facts fatal to the jurisdiction.

The line of cases beginning with Everhart v. College, 120 U. S. 223, 7 Sup. Ct. 555, 30 L. Ed. 623, which, upon reversal, permit the Circuit

Court to allow amendment of the allegation of citizenship according to the fact, are cases where the record itself did not show jurisdiction, and thus do not apply to a situation like the one in question here.

The remaining question relates to the merits of the case, where the point is raised that the title to the property had not passed through a necessary delivery. The contract was a contract of sale of 250 tons of Swedish charcoal iron ex ship, including custom house charges, etc.

Without regard to the question whether the title passed upon delivery of the release, we think it quite clear, upon the conceded facts, that unloading the entire cargo of iron in question upon the wharf, which was completed a considerable time before the loss, was a sufficient delivery to pass the title; and the defendant, without any objection as to the quantity or quality, having given orders to its teamsters to remove the iron, and having so far accepted the delivery as to remove it in part, it is too late to stand upon the position that the title had not passed. The duties having been paid, we do not think the fact that the custom house weighing was incomplete would control the status of the title as between the parties.

Judgment of the Circuit Court is affirmed, and the defendant in error recovers costs in this court.