KENTUCKY STATE BOARD OF CONTROL FOR CHARITABLE INSTITUTIONS et al. v. LEWIS et al.

(Circuit Court of Appeals, Sixth Circuit. February 21, 1910.)

No. 1,995.

COURTS (§ 405*)—FEDERAL COURTS—JURISDICTION OF CIRCUIT COURT OF APPEALS.

The Circuit Court of Appeals is without jurisdiction of an appeal in an ancillary suit where the only question presented by the assignments of error is the jurisdiction of the court below in the principal suit, jurisdiction in such case being exclusively vested in the Supreme Court by Act March 3, 1891, c. 517, § 5, 26 Stat. 827 (U. S. Comp. St. 1901, p. 549), creating the Circuit Courts of Appeals.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 1099; Dec. Dig. § 405.*

Jurisdiction of Circuit Court of Appeals in general, see notes to Lau Ow Bew v. United States, 1 C. C. A. 6; United States Freehold Land & Em. Co. v. Gallegos, 32 C. C. A. 475.]

Appeal from the Circuit Court of the United States for the Western District of Kentucky.

In Equity. Suit by Edward C. Lewis and John H. Kitchen, partners as Lewis & Kitchen, against the Kentucky State Board of Control for Charitable Institutions and others. Defendants appeal from a decree granting an injunction. Appeal dismissed.

W. S. Mendel, for appellants.
W. W. Crawford, for appellees.

Before SEVERENS, WARRINGTON, and KNAPPEN, Circuit Judges.

PER CURIAM. In this cause the assignments of error are directed solely to the question of the jurisdiction of the court below in the case whereunto the bill in this case is ancillary. This bill depends for the jurisdiction, not upon the conditions of jurisdiction requisite to an independent suit, but upon the jurisdiction of the case which it is filed to promote. No question of merits of the controversy is presented.

In these circumstances, the jurisdiction of an appeal is exclusively vested in the Supreme Court by section 5 of the act creating the Court of Appeals (Act March 3, 1891, c. 517, 26 Stat. 827 [U. S. Comp. St. 1901, p. 549]). Pope v. Louisville, N. A. & C. R. Co., 173 U. S. 573, 19 Sup. Ct. 500, 43 L. Ed. 814, and cases cited in that case. United States v. Severens, 71 Fed. 768, 18 C. C. A. 314; Coler v. Grainger County, 74 Fed. 21, 20 C. C. A. 267. And the appeal to this court must be dismissed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes