### OLDS v. HERMAN H. HETTLER LUMBER CO.

(Circuit Court of Appeals, Sixth Circuit. March 5, 1912.)

No. 2,257.

1. COURTS (§ 405*)—CIRCUIT COURT OF APPEALS—APPELLATE JURISDICTION—JURISDICTIONAL QUESTIONS.

Where the only question properly raised by the assignments of error is that of the jurisdiction of the trial court, the writ of error must be taken directly to the Supreme Court, but if the trial court did decide, and the assignments of error fairly raise an independent question of general

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

law as well as the question of jurisdiction, the Circuit Court of Appeals has power to hear and decide all the questions.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1097–1099, 1101, 1103; Dec. Dig. § 405.*]

2. COURTS (§ 405*)—CIRCUIT COURT OF APPEALS—APPELLATE JURISDICTION—JURISDICTIONAL QUESTIONS.

Whether the giving of a forthcoming bond by the master of a vessel which had been attached in a suit against the owner amounted to a general appearance raised in this case a question of jurisdiction only, and an order vacating the attachment could not be reviewed by the Circuit Court of Appeals.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1097–1099, 1101, 1103; Dec. Dig. § 405.*

Jurisdiction of Circuit Court of Appeals in general, see notes to Lau Ow Bew v. United States, 1 C. C. A. 6; United States Freehold Land & Em. Co. v. Gallegos, 32 C. C. A. 475.]

In Error to the Circuit Court of the United States for the Eastern District of Michigan.

Action at law by Millard D. Olds against the Herman H. Hettler Lumber Company. From an order vacating an attachment of defendant's property and dismissing the suit, plaintiff brings error. Writ of error dismissed.

C. S. Reilley (Hall, De Foe & Henry, of counsel), for plaintiff in error.

Jacob Newman, A. E. Sharpe, and Chester E. Cleveland (Newman, Northrup, Levinson & Becker, of counsel), for defendant in error.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

DENISON, Circuit Judge. Olds, a citizen of Michigan and inhabitant of the Eastern district, commenced an attachment suit pursuant to the Michigan practice, and caused the writ to be levied on a vessel belonging to the lumber company, which was an Illinois corporation, with its principal office at Chicago, but which had no regular place of business in Michigan. A copy of the writ, operating as a summons, was served upon the master of the vessel. No other personal service was attempted. The master, in his own name and not purporting to act for defendant, gave a forthcoming bond under section 10,568, Michigan Compiled Laws 1897, by which he stipulated the production of the vessel to satisfy any judgment which might be rendered. The defendant thereafter moved to dismiss the writ because it was not subject to be sued merely by seizure of its property in a district of which it was not an inhabitant, and because service upon the master was not good service upon the defendant. Plaintiff moved to strike from the files defendant's motion papers because there was good personal service, and because the giving of the bond was a general appearance. The Circuit Court granted defendant's motion, denied plaintiff's motion, and entered a judgment vacating the writ of attachment, quashing the service and dismissing the suit. The plaintiff brought a writ of error to this court, and defendant now moves

to dismiss the writ because review can be had only in the Supreme Court.

[1] The motion calls for the application of well-established rules to circumstances peculiar only in one respect. It is well settled that, where the only question properly raised by the assignments of error is that of the jurisdiction of the trial court, this court cannot review, but such writ of error must be taken directly to the Supreme Court (Remington v. Cent. Pac. R. R., 198 U. S. 95, 97, 25 Sup. Ct. 577, 49 L. Ed. 959; Coler v. Grainger Co. [C. C. A. 6] 74 Fed. 16, 21, 20 C. C. A. 267; Kentucky State Board v. Lewis [C. C. A. 6] 176 Fed. 556, 100 C. C. A. 208); and also that if the trial court did decide, and if the assignments of error do fairly raise an independent question of general law as well as the question of jurisdiction, then this court has power to hear and decide all the questions. Boston & Maine R. R. v. Gokey, 210 U. S. 155, 28 Sup. Ct. 657, 52 L. Ed. 1002, and cases cited. See, also, review of decisions in Morrisdale Co. v. Pennsylvania Co. (C. C. A. 3) 183 Fed. 929, 938, 106 C. C. A. 269.

[2] It is now said by plaintiff that he urged in the court below and submitted for the ruling of that court, and now seeks a review of the ruling so made, the point that the giving of the forthcoming bond was equivalent to an appearance in the action, and that this point involves a matter of general law, and not a question of jurisdiction. It is true that the question whether such giving of the bond would amount to an appearance authorizing a judgment in personam against defendant must be answered by applying some general legal rules, but this case never reached a stage requiring any consideration of that question. The Circuit Court had to decide, not what was the proper name of the act of giving the bond nor the ultimate effect of such act, but simply and solely whether it amounted to a waiver of the jurisdictional objection which defendant made by its motion; and so it is apparent that the question directly involved was one of jurisdiction, while the question of general law was involved only as collateral or incidental to the controlling question. The inquiry whether there is jurisdiction commonly necessitates the application of rules of general law, but the inquiry does not thereby lose its distinctively jurisdictional character. The only question here presented to the Circuit Court for its decision and the only question which it decided was: "Did it have jurisdiction to proceed and hear the merits of the controversy?" Whether the defendant has a place of business within the district, whether it is an inhabitant of the district, whether the agent was authorized by virtue of his employment to receive service, whether his acceptance of service has been ratified, whether any otherwise valid objection to service has been waived—all these problems may and often do involve some general legal question, but all bear upon and lead up to, and are considered only because they bear upon and lead up to, the ultimate, sole question for decision, viz., jurisdiction or not?

This view of the case necessarily leads to a dismissal of the writ of error for lack of jurisdiction; and it will be so ordered.