### COBB v. SERTIC.

(Circuit Court of Appeals, Sixth Circuit. November 17, 1914.)

No. 2506.

1. COURTS (§ 405*)—JURISDICTION OF CIRCUIT COURT OF APPEALS—CASES INVOLVING JURISDICTION OF LOWER COURT.

The Circuit Court of Appeals has jurisdiction of proceedings in error where the assignment of errors embraces questions involving the merits, although the question of the jurisdiction of the District Court is also involved, and may determine such question.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1097–1099, 1101, 1103; Dec. Dig. § 405.*

Jurisdiction of Circuit Court of Appeals in general, see notes to Lau Ow Bew v. United States, 1 C. C. A. 6; United States Freehold Land & Emigration Co. v. Gallegoa, 32 C. C. A. 475.]

2. COURTS (§ 295*)—JURISDICTION OF FEDERAL COURTS—ACTION AGAINST RECEIVER.

An action may be maintained in a federal court against a receiver appointed by that court, based upon his alleged negligent performance of his duties as such receiver, regardless of the citizenship of the parties.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 837; Dec. Dig. § 295.*]

3. COURTS (§ 299*)—JURISDICTION OF FEDERAL COURT—CONSTRUCTION OF PLEADINGS.

Plaintiff, in an action in a federal court to recover for personal injuries, alleged that defendant was a receiver appointed by such court for the property of a corporation and was engaged in operating a manufacturing plant in which plaintiff, an employé, was injured through defendant's negligence. The answer admitted that defendant was receiver for the corporation alleged, which was engaged in operating a plant of the kind and at the place alleged and that plaintiff was injured therein. It then set up matters of defense and denied generally each and every allegation of the petition "not herein specifically admitted to be true." In the trial court no evidence was offered and no question was raised as to the court by which defendant was appointed receiver. Held that, in view of such fact and of the requirement of the Ohio Code (Page & A. Gen. Code, § 11,345) that pleadings "shall be liberally construed with a view to substantial justice between the parties," it was fairly deducible from the pleadings that defendant was appointed receiver by the trial court as alleged, and that therefore it had jurisdiction of the action without regard to the citizenship of the parties.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 841; Dec. Dig. § 299.*]

In Error to the District Court of the United States for the Northern District of Ohio, Eastern Division; William L. Day, Judge.

At Law. Action by Ivan Sertic against L. A. Cobb, receiver of the

Columbian Hardware Company. Judgment for plaintiff, and defendant brings error. Affirmed.

H. M. Roberts, of Cleveland, Ohio, for plaintiff in error.

G. H. Eichelberger, of Cleveland, Ohio, for defendant in error.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

PER CURIAM. [1] The only question argued in this case either orally or in the briefs is one of jurisdiction of the court below; but the proceeding in this court is prosecuted upon assignments of error which embrace a number of questions concerning the merits of the cause. It follows that the case is rightly here and that this court may pass upon the question argued. Olds v. Herman H. Hettler Lumber Co., 195 Fed. 9, 11, 115 C. C. A. 91 (C. C. A. 6th Cir.); A. J. Phillips Co. v. Grand Trunk Western Ry. Co., 195 Fed. 12, 15, 115 C. C. A. 94 (C. C. A. 6th Cir.); Smith v. Farbenfabriken of Elberfeld Co., 203 Fed. 476, 478, 121 C. C. A. 598 (C. C. A. 6th Cir.); Turk v. Illinois Central R. R. (C. C. A. 6th Cir.) 218 Fed. 315, 134 C. C. A. 111, filed November 9, 1914.

The sole basis of the question so argued is that the jurisdiction of the court depended upon diversity of citizenship; but this is a mistake. True, it is alleged in the petition that plaintiff is "an alien and a subject of Austro-Hungary," though the proof offered to support the allegation is meager and unsatisfactory. However, the petition further alleges that the defendant Cobb "is and at the times hereinafter complained of was the receiver of the Columbian Hardware Company, a corporation, organized and existing under and by virtue of the laws of the state of Ohio; that he was appointed such receiver" by the court below on a date named, and at the times complained of "was engaged in operating a factory for the manufacture of various products of iron" in Cleveland, Ohio; and that on a specified date plaintiff was seriously injured while in the employ and through the negligence of defendant. The answer admits that the defendant, Cobb, is the receiver of this corporation, that the corporation "was engaged in operating a factory for the manufacture of various products of iron in the city of Cleveland," and that on the date stated in the petition plaintiff "met with an accident which caused him some injury; but the defendant, not being fully advised as to the nature and extent of the same, denies the allegations of the petition pertaining thereto." And defendant "denies each and every allegation therein contained not herein specifically admitted to be true." Defendant further answered, alleging:

"That such injuries as the plaintiff received were either directly caused or contributed to by the negligence or carelessness of the plaintiff himself."

[2] It was rightly conceded in the argument of the receiver's counsel that the plaintiff could sue the receiver without previously obtaining leave of the court appointing him (Act Aug. 13, 1888, c. 866, § 3, 25 Stat. 436 [Comp. St. 1913, § 1047]); and, further, that if Cobb had in truth been appointed by the court below and was acting as

218 F.—21

receiver of the corporation and its property, the suit could be maintained regardless of the citizenship of the parties. Rouse v. Letcher, 156 U. S. 47, 49, 50, 15 Sup. Ct. 266, 39 L. Ed. 341; Stewart v. Dunham, 115 U. S. 61, 64, 5 Sup. Ct. 1163, 29 L. Ed. 329; White v. Ewing, 159 U. S. 36, 39, 15 Sup. Ct. 1018, 40 L. Ed. 67; Compton v. Jesup, 68 Fed. 263, 278 to 282, 15 C. C. A. 397 (C. C. A. 6th Cir.); Trust Co. of America v. Chicago, P. & St. L. Ry. Co. (D. C.) 199 Fed. 593, 603. Plaintiff did not offer proof of the receiver's appointment, and the receiver himself made no question in that respect, at the trial; it would therefore seem that the parties did not then regard the matter of the receivership as open to controversy; and no question in this behalf appears to have been made at any stage of the trial. True, one of the grounds stated in support of the motion for a new trial was that the court erred in refusing to direct a verdict, "because there was no evidence showing the jurisdiction of this court in this case"; and in the third assignment of error this ground is repeated; but it appears from the argument that the evidence so alluded to related only to the question of diversity of citizenship.

[3] Can it then be fairly and reasonably deduced from the pleadings that the appointment of defendant as receiver of the Columbian Hardware Company was made by, and that the property of the company was in possession of, the court below? We are constrained to believe that this is the natural interpretation of the pertinent language of the petition and answer; and that it is in accord with the practical construction which the parties themselves in effect placed upon those instruments at the trial. The petition alleges, not merely that defendant was the receiver of the Columbian Hardware Company, but also that he was appointed as such receiver by the court below; and, since no other source of appointment is suggested in either the answer or the evidence, the rational inference to be drawn from the admission that defendant is the receiver of the company is that the admission embraces the appointment as it is alleged in the petition; and it scarcely need be added that, if this inference is justifiable, the court's possession of the company's property may be regarded as a necessary result of the appointment. This interpretation derives support from the further admission that the company of which defendant is receiver was engaged in operating a factory identical in its location and manufactured products with the one described in the petition; and also from the admission that plaintiff met with an injury on the very date of the injury sustained by him as alleged in the petition. The denial made in immediate connection with these admissions is distinctly limited to the nature and extent of this injury; and while the more general denial is addressed to each and every allegation not "specifically admitted," it cannot reasonably be said that the admissions before pointed out are not specific within the meaning of, and so excepted by, this denial. In saying this, we are mindful of the fact that under the Ohio Code the common-law rule requiring pleadings to be construed most strongly against the pleader, is abrogated. Crooks v. Finney, 39 Ohio St. 57, 58. Yet it is equally true that "pleadings, under the present system, must be fairly and reasonably,

not strictly, construed." McCurdy v. Baughman, 43 Ohio St. 78, syl. 1, 1 N. E. 93; Travelers' Ins. Co. v. Great Lakes Engineering W. Co., 184 Fed. 426, 429, 107 C. C. A. 20, 36 L. R. A. (N. S.) 60 (C. C. A. 6th Cir.); Bryson v. Gallo, 180 Fed. 70, 74, 103 C. C. A. 424 (C. C. A. 6th Cir.). Indeed, the very language of the Ohio Code is that:

"The allegations of a pleading shall be liberally construed, with a view to substantial justice between the parties." Section 11345, 5 Page & Adams Ohio Gen. Code, p. 833.

We also recognize the rule that it is the duty of the federal courts to decline to take cognizance of a cause that does not fall reasonably within their jurisdiction; but in a case like this we are disposed to approve of the course taken in William H. Perry Co. v. Klosters Aktie Bolag, 152 Fed. 967, 969, 82 C. C. A. 321 (C. C. A. 1st Cir.), where it was said:

"Still, while the parties cannot confer jurisdiction by consent, where the jurisdictional facts are properly alleged, and thus properly appear upon the record, and the parties upon pleadings which go to the merits, proceed to trial, and particularly where the jurisdictional facts are not subsequently put in issue by the defendant or seriously denied, the case ordinarily will not be dismissed for want of jurisdiction, and this is especially so where the proofs do not create a legal certainty that the controversy involved is not within the jurisdiction."

The judgment below is affirmed, with costs.