LOUGHNAN v. HINES, Director General of Railroads, et al.

(District Court, W. D. Washington, S. D. November 7, 1919.)

No. 2788.

REMOVAL OF CAUSES ⬅19(1)—ACTION AGAINST DIRECTOR GENERAL OF RAIL-
ROADS.

Under Federal Control Act, § 10 (Comp. St. 1918, § 3115¾j), providing
that actions against railroad companies not previously removable shall
not be removable because of federal control, such an action, brought
against the Director General, is not removable from a state court on the
ground that it is one arising under a United States statute.

At Law. Action by Jessie Loughnan, administratrix of the estate
of Hulton Loughnan, against Walker D. Hines, Director General of
Railroads, and John Doe Truesdale, whose true Christian name is
unknown. On motion to remand to state court. Motion granted.

C. D. Cunningham, of Centralia, Wash., and Troy & Sturdevant, of
Olympia, Wash., for plaintiff.

C. H. Hanford and Geo. W. Korte, both of Seattle, Wash., for de-
fendants.

CUSHMAN, District Judge. The suit is to recover for the wrong-
ful death of the driver of an automobile truck in a collision with a
train, claimed to have been negligently operated by the defendants, the
Director General of Railroads and the locomotive engineer. The mo-
tion is one to remand.

The diversity of citizenship necessary to give this court jurisdic-
tion does not exist; but, the suit being "of a civil nature" and "one
arising under the Constitution and laws of the United States, the mat-
ter in dispute exceeding the sum and value of $3,000, exclusive of in-
terest and costs," under the Judiciary Act (Act March 3, 1911, c. 231,
§ 28, 36 Stat. 1094 [section 1010, U. S. Compiled Statutes 1918]), it
would be removable. Cummings v. Chicago, 188 U. S. 410, 23 Sup. Ct.
472, 47 L. Ed. 525; Dunn's Case, 212 U. S. 374, 29 Sup. Ct. 299, 53
L. Ed. 558; Martin v. St. Louis S. W. Ry. Co. (C. C.) 134 Fed.
136; Landers v. Felton (C. C.) 73 Fed. 314; Cobb v. Sertic, 218 Fed.
320, 134 C. C. A. 116. The motion to remand should therefore be
denied, unless the law has made an exception of this case to the gen-
eral rule. In Muir v. L. & N. R. R. Co. (D. C.) 247 Fed. 888, the
cause of action arose before the Federal Control Act was passed.
Therefore in no proper sense could it be said that the cause of action
arose under that act.

The act of Congress of the 29th of August, 1916 (39 Stat. 645 [U.
S. Comp. St. § 1974a]), empowered the President, through the Sec-
retary of War, to take possession and assume control of any system
or systems of transportation, or any part thereof, and to utilize the
same for war purposes. Pursuant to such act, the President, on the
26th day of December, 1917, directed that the possession, control, op-
eration and utilization of the railroad transportation systems of the

United States should be exercised through a Director General of Railroads. U. S. Comp. St. § 1974a, note. Thereafter, on the 21st day of March, 1918, Congress passed the law commonly known as the Federal Control Act (Act March 21, 1918, c. 25, 40 Stat. 451 [U. S. Comp. St. § 3115¾a et seq.]), sections 8, 9, and 10 of which provide:

"The President may execute any of the powers herein and heretofore granted him with relation to federal control through such agencies as he may determine. * * *

"The provisions of the act entitled 'An act making appropriations for the support of the army for the fiscal year ending June thirtieth, nineteen hundred and seventeen, and for other purposes,' approved August twenty-ninth, nineteen hundred and sixteen, shall remain in force and effect except as expressly modified and restricted by this act; and the President, in addition to the powers conferred by this act, shall have and is hereby given such other and further powers necessary or appropriate to give effect to the powers herein and heretofore conferred. * * *

"Carriers while under federal control shall be subject to all laws and liabilities as common carriers, whether arising under state or federal laws or at common law, except in so far as may be inconsistent with the provisions of this act or any other act applicable to such federal control or with any order of the President. Actions at law or suits in equity may be brought by and against such carriers and judgments rendered as now provided by law; and in any action at law or suit in equity against the carrier, no defense shall be made thereto upon the ground that the carrier is an instrumentality or agency of the federal government. Nor shall any such carrier be entitled to have transferred to a federal court any action heretofore or hereafter instituted by or against it, which action was not so transferable prior to the federal control of such carrier; and any action which has heretofore been so transferred because of such federal control or of any act of Congress or official order or proclamation relating thereto shall upon motion of either party be retransferred to the court in which it was originally instituted. But no process, mesne or final, shall be levied against any property under such federal control."

Since the passage of this act, the control, operation, and utilization of the railroads by the Director General has been, and is, exercised under its provisions; and upon taking possession and entering upon such operation and control of the railroads of the United States the Director General became the railroad carrier of the country and the carrier contemplated by the foregoing act, although, prior to the accomplishment of such completed control, the operating companies may have been the carriers contemplated within that act. Rutherford v. Union Pac. Ry. Co. (D. C.) 254 Fed. 880; Dahn v. McAdoo (D. C.) 256 Fed. 549. In recognition of this, the Directors General have made certain orders providing:

General Order No. 18: "It is therefore ordered, that all suits against carriers while under federal control must be brought in the county or district where the plaintiff resides, or in the county or district where the cause of action arose."

General Order No. 18-A: "It is therefore ordered that all suits against carriers while under federal control must be brought in the county or district where the plaintiff resided at the time of the accrual of the cause of action or in the county or district where the cause of action arose."

General Order No. 18-B: "It is therefore ordered, that all suits against the Director General of Railroads as authorized by General Order No. 50-A, must be brought in the county or district where the plaintiff resided at the time of the accrual of the cause of action or in the county or district where

the cause of action arose; or where the cause of action would but for federal control accrue against the initial carrier (as under section 20, paragraph 11, of the Act to Regulate Commerce), such action may be brought in the county or district where the property was received for transportation."

General Order No. 50: "It is therefore ordered, that actions at law, suits in equity, and proceedings in admiralty hereafter brought in any court based on contract, binding upon the Director General of Railroads, claim for death or injury to person, or for loss and damage to property, arising since December 31, 1917, and growing out of the possession, use, control or operation of any railroad or system of transportation by the Director General of Railroads, which action, suit, or proceeding but for federal control might have been brought against the carrier company, shall be brought against the Director General of Railroads, and not otherwise. * * *"

General Order No. 50–A by Director General Walker D. Hines is similar to General Order No. 50 promulgated by Director General William G. McAdoo.

In Nueces Valley Town-Site Co. v. McAdoo (D. C.) 257 Fed. 143, where it was sought by a suit in equity in the state court to enjoin the Director General from changing the location of certain of his employés, a motion to remand was denied; but Judge West, in his opinion in that case, points out that the suit was one to virtually take the control and operation of the railroad out of the hands of the Director General, and that it was not a suit which involved—

"any common carrier liability either of the owning corporation or of the Director General, but is a suit against the Director General directly involving his right to direct and control the operation of the property in his possession." 257 Fed. 148.

Section 10 of the Federal Control Act, above quoted, in part, provides:

"Actions at law or suits in equity may be brought by and against such carriers and judgments rendered as now provided by law; and 'in any action at law or suit in equity against the carrier, no defense shall be made thereto upon the ground that the carrier is an instrumentality or agency of the federal government. Nor shall any such carrier be entitled to have transferred to a federal court any action heretofore or hereafter instituted by or against it which action was not so transferable prior to the federal control of such carrier; and any action which has heretofore been so transferred because of such federal control or of any act of Congress or official order or proclamation relating thereto shall upon motion of either party be retransferred to the court in which it was originally instituted."

Unless an action such as the present was contemplated by Congress in making the foregoing provision—denying the carrier the right to transfer such an action to the federal court—virtually all effect must be denied it. Contrasting actions at law and suits in equity in the first part of the quoted portion of the section with actions, alone, in the latter part of the section, may perhaps show an intention that suits in equity, where a federal question is involved, could be removed, as heretofore. But, however that may be, by the language of the latter part of the section, an intent is clearly shown that actions at law, where merely the liquidation and settlement of the amount of a claim upon a common carrier liability are involved, and the control and use of railroad property by the Director General is not sought to be inter-

fered with, should, if started in the state court, not be removed, over the objection of the plaintiff, to the federal court upon the ground that they involve a federal question.

The motion to remand is granted.