**HORVATH et al. v. PITNEY et al.**
**Civil Action No. 2890.**

District Court, D. New Jersey.
Sept. 17, 1943.

tion. The first ground alleged is that there is no showing that the matter in controversy on any of the counts exceeds $3,000 exclusive of interest and costs. The court does not think this is correct, since the seriousness of the plaintiffs' allegations justify an award of $3,000 if they be proven true.

The defendants also claim that since no diversity of citizenship is claimed, the sole basis of jurisdiction rests on whether this case can rightly be called ancillary to the railroad's bankruptcy proceeding now pending.

■ The defendants contend that no ancillary suit of this kind can be brought unless the bankruptcy proceeding to which it is attached has reached the "final disbursal of monies and winding up" stage. It is, however, this court's belief that the doctrine laid down in Betts v. Bisher, 9 Cir., 213 F. 581, 582 applies to the instant case: "The rule * * * is that, while actions against receivers may be brought in the state courts, they may also be brought in the court in which the receiver was appointed, and that, notwithstanding that no federal question is involved, and there is no diversity of citizenship, those courts have jurisdiction upon the ground that the actions are ancillary to the original suit."

■ Carpenter v. Northern Pac. R. Co., C.C., 75 F. 850, 851, is another case which rules on this question. There this court said: "When a United States circuit court acquires complete jurisdiction of a suit against an insolvent corporation, and takes into its custody and control the assets and business of such a corporation, the jurisdiction of the court embraces not only the principal cause, but as well all the side issues and branches of the litigation involving rights of the corporation itself or its creditors or employes, and affecting the administration of the estate."

See also Trust Co. of America v. Chicago P. & St. L. R. Co., D.C., 199 F. 593.

The argument cited in Pitkin v. Cowen, C.C., 91 F. 599, relied upon heavily by the defendants, is an entirely different matter since that case turns on rights in a removal action which brings into play problems quite different to those presently involved and so has no weight by analogy.

■ The defendants' final argument concerns the provisions of the Bankruptcy

Robinson & Morris, of Newark, N. J., for plaintiffs.

William F. Hanlon, of New York City (De Voe Tomlinson, of Newark, N. J., of counsel), for defendants.

MEANEY, District Judge.

■ This is a motion to dismiss an action for damages against the Trustees of the Central Railroad Company of New Jersey on the grounds that this District Court has no jurisdiction to hear this ac-

Act. There would seem to be no basis for the defendants' contention that the provisions of section 77, 11 U.S.C.A. § 205, deprive this court of jurisdiction, in view of the manifest declaration set forth in the above cited decisions.

Motion as to all defendants denied.