## KINGSTON v. MAHONEY.

### Civ. A. No. 51–966.

United States District Court
D. Massachusetts.

Dec. 5, 1951.

Seymour P. Edgerton, Bingham, Dana & Gould, and Joseph Ford, all of Boston, Mass. for plaintiff.

Noel W. Deering, Boston, Mass., for defendant.

FORD, District Judge.

This is an action to recover damages for personal injuries allegedly suffered by plaintiff when he slipped and fell on the premises of the Boston Terminal Company. The action is brought against defendant as he is trustee by appointment of this court of the Boston Terminal Company, which is in reorganization under the provisions of § 77 of the Bankruptcy Act, 11 U.S.C.A. § 205. The accident is alleged to have happened after the appointment of the trustee and while he was carrying on the operation of the terminal. Plaintiff and the trustee are both citizens of Massachusetts, and the debtor corporation is a Massachusetts corporation. The amount in controversy is alleged to exceed three thousand dollars.

Defendant moves to dismiss for lack of jurisdiction. It is his contention that from the face of the complaint it appears that there is no diversity of citizenship and that the cause of action is one of tort for negligence under the common law of Massachusetts, raising no question of federal law. He argues that the mere fact that defendant is a trustee appointed by this court does

not make the case one arising under the laws of the United States.

Plaintiff's contention is that the present action is ancillary to the reorganization proceedings over which this court already has jurisdiction, and hence no independent ground of jurisdiction is necessary here. The decided cases support this view.

■ The trustee in reorganization proceedings is a combination of a trustee in bankruptcy and a receiver in equity. 11 U.S.C.A. § 205, sub. c (2). (The cases relied upon by defendant are all concerned with actions by or against the ordinary trustee in bankruptcy and hence are not determinative of the present question.) An action such as this is brought against the trustee in his official capacity and not as an individual, and any judgment would be payable only from funds in his hands as trustee. Therefore, the action is in effect one against the debtor's estate which is subject to the control of this court. Ziegler v. Pitney, 2 Cir., 139 F.2d 595. "The appointment of a receiver of a debtor's property by a federal court confers upon it, regardless of citizenship and of the amount in controversy, federal jurisdiction to decide all questions incident to the preservation, collection, and distribution of the assets." Riehle v. Margolies, 279 U.S. 218, 223, 49 S.Ct. 310, 312, 73 L.Ed. 669. That principle has been applied in numerous cases in which it was held that a federal court had jurisdiction of an action for negligence brought against a receiver or trustee appointed by that court, even though there was no diversity of citizenship and no further question of federal law involved. St. Bernard v. Shane, 6 Cir., 220 F. 852 (action for death of an employe against receiver of a steamboat company); Cobb v. Sertic, 6 Cir., 218 F. 320 (action for personal injuries against receiver of a hardware company); Betts v. Bisher, 9 Cir., 213 F. 581 (action for personal injuries against receiver of a mining company); Horvath v. Pitney, D.C., 51 F.Supp. 886 (death action against trustees of a railroad in reorganization).

Defendant's motion to dismiss is denied.