BOWMAN v. HARRIS et al.

(Circuit Court, W. D. Arkansas, Ft. Smith Division. August 4, 1899.)

1. RECEIVERS—SUITS BY OR AGAINST—JURISDICTION OF APPOINTING COURT.

A court of equity, which has undertaken to administer the estate of an insolvent corporation, and has taken possession of all its property through a receiver, may, in its discretion, reserve to itself the determination of all claims of or against the receiver, and the jurisdiction of a federal court in such a case to entertain a suit by its own receiver for the enforcement of a claim is not dependent on the citizenship of the parties, or the amount in controversy.

2. SAME—ANCILLARY RECEIVERSHIP.

A federal court appointed an ancillary receiver for the property and assets within its jurisdiction of an insolvent building and loan association

of another state, the funds derived therefrom being remitted to the home receiver for equitable distribution. The adjustment of equities between the association and borrowing stockholders involved questions on which there was a conflict of decision. *Held*, that for the sake of uniformity, and that the same rule might be applied in all cases, the court would retain jurisdiction of all litigation for the adjustment of such rights.

## On Plea to Jurisdiction.

S. W. Williams, for complainant.

J. S. Basham, for defendants.

ROGERS, District Judge.    This bill is filed by the receiver to foreclose a mortgage executed by the defendants, and covering certain lands situated in this division of this district.    The defendants have filed a plea in abatement to the jurisdiction of the court, and assign two reasons why the court is without jurisdiction:    First, because the sum in controversy is less than $2,000; second, because the complainant herein resides in the state of Arkansas.    The court is of opinion that the plea is bad.    In Porter v. Sabin, 149 U. S. 479, 13 Sup. Ct. 1010, the court, speaking through Mr. Justice Gray, lays down this general rule:

"When a court exercising jurisdiction in equity appoints a receiver of all the property of a corporation, the court assumes the administration of the estate. The possession of the receiver is the possession of the court; and the court itself holds and administers the estate, through the receiver as its officer, for the benefit of those whom the court shall ultimately adjudge to be entitled to it. Wiswall v. Sampson, 14 How. 52, 65; Peale v. Phipps, Id. 368, 374; Booth v. Clark, 17 How. 322, 331; Union Bank v. Kansas City Bank, 136 U. S. 223, 10 Sup. Ct. 1013; Thompson v. Insurance Co., 136 U. S. 287, 297, 10 Sup. Ct. 1019. It is for that court, in its discretion, to decide whether it will determine for itself all claims of or against the receiver, or will allow them to be litigated elsewhere. It may direct claims in favor of the corporation to be sued on by the receiver in other tribunals, or may leave him to adjust and settle them without suit, as, in its judgment, may be most beneficial to those interested in the estate. Any claim against the receiver or the corporation the court may permit to be put in suit in another tribunal against the receiver, or may reserve to itself the determination of; and no suit, unless expressly authorized by statute, can be brought against the receiver without the permission of the court which appointed him. Barton v. Barbour, 104 U. S. 126; Railroad Co. v. Cox, 145 U. S. 593, 601, 12 Sup. Ct. 905."

This case is approved in the case of White v. Ewing, 159 U. S. 38, 15 Sup. Ct. 1018.    In this last case, as in the one at bar, a receiver had been appointed, and all the assets of the insolvent corporation had passed into the hands of the receiver.    The receiver brought one bill in equity, under an order of the court, in the circuit court of the United States for the Eastern district of Tennessee, which court had appointed the receiver, against a large number of persons, to collect individual claims against them; the claims in the majority of cases being for less than the sum of $2,000, the minimum of the jurisdiction of the court.    In that case the court passed precisely upon both the questions at bar, and held that the court had jurisdiction to collect the claims which were less than $2,000, and also held that it had this right without reference to the diverse citizenship of the parties.    This, of course, is binding upon this court.    In the extract above quoted from Porter v. Sabin, supra, it is said:

"It is for that court [the court which appointed the receiver], in its discretion, to decide whether it will determine for itself all claims of or against the receiver, or will allow them to be litigated elsewhere."

In the case at bar the strongest reasons exist why the court, in exercising that discretion, should retain the jurisdiction to litigate all questions arising in the foreclosure of these mortgages. This court is collecting all the assets belonging to the insolvent plaintiff corporation, and turning the same over to the domiciliary receiver at Knoxville, in the state of Tennessee, to be distributed among the creditors and stockholders as equity may require.

In the collection of these claims, intricate and difficult questions have arisen as to the adjustment of the equities between the mortgagors, who are borrowing stockholders, and the mortgagee and those stockholders who are not borrowers of the association. That rule will be found laid down in the case of Bowman v. Hardware Co., 94 Fed. 598. It is important that the same rule should be applied in all cases of borrowing stockholders where the mortgages are foreclosed, and for this reason, if for no other, if the court has jurisdiction, it ought to retain all cases of this character.

The plea to the jurisdiction is bad. It is overruled, and the defendants will be allowed until the next rule day to file answer.