J. B. McPHERSON, District Judge.
The complainant is the receiver of an insolvent building and loan association, chartered by the state of Pennsylvania, and was appointed by this court with power, inter alia, “to bring such suits and actions as are necessary to the collection, caring for, and preserving of the property of [the -association], said receiver being authorized to bring or defend such suits, either in this district or in any other district, state, or jurisdiction, * * * and in either the state or federal courts, as he may be advised by counsel, * * * and he is authorized to bring or defend such actions or suits either in his own name or in the name of [the association].” His right to maintain this suit, therefore, although the defendant is a resident of the Eastern District of Pennsylvania, and the suit is for only $200, is supported by the decision of the Supreme Court in White v. Ewing, 159 U. S. 36, 15 Sup. Ct. 1018, 40 L. Ed. 67.
The bill seeks to recover from a borrowing stockholder the amount actually received by him from the association, with interest, less such sums as he may have paid on account of premium and interest. The defendant asks to be credited also with the amount he has paid as dues upon his stock, and the validity of this defense is the single point to be considered. It seems to me to need little consideration, however, for, in my opinion, it is already settled, both by the decisions of the Supreme Court of Pennsylvania and of the federal courts. In Strohen v. Franklin Saving Fund Association, 115 Pa. 273, 8 Atl. 843, the Pennsylvania court declared its opinion as follows:
“The insolvency of the company, as before observed, puts an end to its operations as a building association; to a certain extent, it also ends the contract between it and its members, respectively, and nothing remains but to wind it up in such a manner as to do equity to creditors and between the members themselves. As regards the latter, care should be taken to adjust the burdens equally, and not to throw upon either borrowers or nonborrowers more than their respective share. That result may be reached by requiring the borrower to repay what he actually received, with interest. He would then be entitled, after the debts of the corporation are paid, to a pro rata dividend with the nonborrower for what he has paid upon his stock. He will thus be obliged to bear his proper share of the losses. To allow him to credit upon his mortgage his payments on his stock would enable him to escape responsibility for his share of the losses, and throw them wholly upon the nonborrowers. In other words, the borrower would escape without loss. It will not do to administer the affairs of an insolvent- corporation in this manner.”
This decision was cited with approval in Callahan’s Appeal, 124 Pa., on page 145, 16 Atl. 638, and is not disturbed by York Trust Co. v. Gallatin, 186 Pa. 150, 40 Atl. 317, as the following quotation from the opinion delivered in that case will show:
“These and other cases that might be cited distinctly recognize the right of the debtor to direct appropriation of the payments on the stock to the extinguishment of the debt. His power to so direct before the intervention of the rights of creditors cannot be doubted. It is only where the rights of creditors attach, by assignment, as in the cases last cited, or by legal process in insolvency, as in Strohen v. Franklin Saving & Loan Association, supra, that the debtor’s right of appropriation is forfeited. Until thus forfeited, his right remains. He may appropriate or refuse to appropriate payments on stock in liquidation of the loan, even after default and suit on the bond *738 (Watkins v. Workingmen’s B. & L. Association, 97 Pa. 514); or after sale of his realty by the sheriff (Early & Lane’s Appeal, 89 Pa. 411). Bearing in mind these principles, in which all the eases substantially agree, it clearly follows that, where the appropriation is made at the inception of the contract of loan, it cannot thereafter be successfully questioned.”
The decision is put expressly upon the ground that the bond securing Gallatin’s loan contained the following clause:
“And, further, I, the above-named John D. Gallatin, do hereby expressly agree that all money, heretofore paid or hereafter to be paid by me into the association on the stock I now hold in the same, shall be taken and considered as payment on, and in liquidation of, this bond.”
This was held by the court to be an agreement mutually binding Gallatin and the association, and manifestly intended to operate as an express appropriation of the payments on the stock toward payment of the bond. As there is no such clause in the defendant’s bond now before the court, and no evidence otherwise of any appropriation of the payments upon his stock as credits upon the bond, Gallatin’s Case has no application.
In the federal courts the point has been ruled in the same way, as will appear from the fifth paragraph of the syllabus to Coltraine v. Blake, 113 Fed. 785, 51 C. C. A. 457, decided by the Circuit Court of Appeals for the Fourth Circuit:
“Where a stockholder In a building and loan association becomes also a borrower, his contract as such is governed by the local law, and where by such law it is usurious, in a settlement on the winding up of the association in insolvency before the maturity of his loan he should be charged with interest on the sum borrowed at the legal rate, and credited with all sums paid as premiums and interest; but the local law does not govern as to payments made by him as dues on his stock which are under his contract as a stockholder, and the principles of equity require that as to such payments he be placed on an equality with nonborrowing stockholders, and share ratably with them in the assets remaining after the debts of the association are paid, and he is not entitled to credit on his loan for such payments where the proceedings are in a federal court, whatever may be the rule of the courts of the state.”
Whether, therefore, the decision of the question is to be governed by the local law or by the federal law, the same conclusion would be reached; and, accordingly, without further discussion, it is ordered that a decree be entered for the complainant.

 1. See Building and Loan Associations, vol. 8, Cent. Dig. |§ 63, 66.