# CASES

## ARGUED AND DETERMINED

### IN THE

## UNITED STATES CIRCUIT COURTS OF APPEALS AND THE DISTRICT COURTS

---

### KEITH LUMBER CO. v. HOUSTON OIL CO. OF TEXAS et al.

#### (Circuit Court of Appeals, Fifth Circuit. April 2, 1919.)

#### No. 3220.

1. RECEIVERS ⬳204—RECEIVERSHIP SUIT—DISCHARGE—ANCILLARY SUIT.
    Decree discharging receivers of lumber company and an oil company, and turning their properties over to the companies under recited terms, did not destroy the jurisdiction of the court, which had previously attached, over an ancillary suit by the receiver of the oil company against a second lumber company, which had been made a party to the receivership suit by an amended bill.

2. RECEIVERS ⬳178—ACTIONS—PARTIES—SUIT FOR TIMBER.
    Lumber company *held* not a necessary party to suit ancillary to receivership proceedings by receiver of oil company against a second lumber company for the timber on certain land as to which the first lumber company had a stumpage contract, which did not place ownership of the timber in it.

3. APPEAL AND ERROR ⬳684(4)—REVIEW—MOTION TO DISMISS—ABSENCE OF EVIDENCE.
    Where testimony, on which the action of the District Judge in denying motion to dismiss suit on ground its subject-matter had been destroyed was based, is not in the record, the Circuit Court of Appeals cannot determine that the action taken was erroneous.

4. ACKNOWLEDGMENT ⬳52—SIGNING AND DELIVERY—INFERENCE FROM ACKNOWLEDGMENT.
    The acknowledgment of a deed, as recited in the record, carries with it the necessary inference of signing, and delivery also may be inferred from acknowledgment, though it is not a necessary inference.

5. DEEDS ⬳208(1)—DELIVERY—SUFFICIENCY OF EVIDENCE.
    In suit by a receiver for an oil company and a lumber company against another lumber company for the timber on certain lands, evidence consisting of the fact of payment, of the signing of the deed, of the fact of acknowledgment, and the duty and obligation under which the grantor was at the time to hold the deed for the plaintiff lumber company, *held* sufficient to support finding of delivery.

6. ESTOPPEL ⬳37—AFTER-ACQUIRED TITLE.
    A deed using the words "grant, sell. and convey," not "quitclaim," and conveying property by specific description, not merely the "interest" owned by the grantor, was effective to pass an after-acquired title.

---

7. PROPERTY ☞9—TITLE—SUFFICIENCY OF EVIDENCE.

In suit by receiver of an oil company and a lumber company against another lumber company for the timber on certain lands, evidence *held* sufficient to authorize finding that title at the time of institution of the suit was in plaintiff lumber company and the oil company.

8. ESTOPPEL ☞3(1)—EVIDENCE ☞272—ESTOPPEL BY RECORD—DECLARATIONS AGAINST INTEREST.

Excerpts from a pleading introduced by defendant in an equity suit are to be taken as evidence of the efforts of the several parties to procure advantage over their adversaries, rather than as matter in estoppel, or as declarations against interest, to be taken advantage of by one not a party to the suit.

9. APPEAL AND ERROR ☞1051(1)—HARMLESS ERROR—EVIDENCE.

The erroneous introduction in evidence of a decree was harmless, where there was ample evidence outside of the record to show the fact of title for which the decree was used.

10. VENDOR AND PURCHASER ☞242—DEEDS—REGISTRATION—PROTECTED CLASS—BURDEN OF PROOF.

In view of Rev. St. Tex. 1911, art. 6824, requiring registration, but declaring a deed valid, though unrecorded, as to all subsequent purchasers with notice or without valuable consideration, so making it void only as to purchasers for value without notice, a person undertaking to establish the invalidity of a deed has the burden to prove he is within the protected class.

11. VENDOR AND PURCHASER ☞244—INNOCENT PURCHASER FOR VALUE—SUFFICIENCY OF EVIDENCE.

In suit by receiver of an oil company and a lumber company for the timber on certain land, evidence *held* to justify finding that defendant lumber company was not an innocent purchaser for value.

12. LIS PENDENS ☞24(1)—RECEIVERSHIP SUITS—INVENTORY AND POSSESSION BY RECEIVERS.

Where the timber on certain land had been inventoried as part of the estates of a lumber company and an oil company, involving which receivership suits were pending, and the timber was in the custody of the receiver, it could not be purchased from third person without notice on account of the lis pendens.

13. APPEAL AND ERROR ☞931(6)—PRESUMPTIONS FAVORING COURT BELOW—IMPROPER EVIDENCE.

Where the trial was by the court, it will be assumed that no improper evidence was considered.

14. COVENANTS ☞2—WARRANTY OF TITLE NOT OWNED—RIGHT OF GRANTEE.

There is nothing to prevent a person from warranting title to land that he neither owns nor claims, and the grantee had a right to stand on the terms of his deed.

Appeal from the District Court of the United States for the Southern District of Texas; Walter T. Burns, Judge.

Suit by the Houston Oil Company of Texas and its receiver against the Keith Lumber Company and others. From judgment for plaintiffs, defendant company appeals. Judgment modified, and, as modified, affirmed.

C. L. Carter, of Houston, Tex. (Geo. D. Anderson, of Beaumont, Tex., W. A. Parish, of Houston, Tex., Anderson & Masterson, of Beaumont, Tex., and Baker, Botts, Parker & Garwood, of Houston, Tex., on the brief), for appellant.

H. O. Head, of Sherman, Tex., and T. M. Kennerly and E. E. Townes, both of Houston, Tex. (Fred L. Williams and Kennerly,

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Williams, Lee & Hill, all of Houston, Tex., and Head, Dillard, Smith, Maxey & Head, of Sherman, Tex., on the brief), for appellees.

Before WALKER and BATTS, Circuit Judges, and GRUBB, District Judge.

BATTS, Circuit Judge. Suit was by the Houston Oil Company of Texas and its receiver against Keith Lumber Company and others, for the timber on section 102, certificate 120, T. & N. O. Ry. Co., in Hardin and Jefferson counties, Tex. C. M. Votaw, patentee, is the common source of the respective claims to title. After the timber deed from Votaw (acknowledged in 1902), under which complainants claim, but prior to its registration in 1906, Votaw made a conveyance of the land in 1905, under which Keith Lumber Company asserts title, questioning the execution and validity of the prior deed, and the acquisition of rights under it by complainant, and claiming to be an innocent purchaser for value, without notice.

Matters for consideration are:

I.—Jurisdiction.
II.—Parties.
III.—Dismissal.
IV.—Title of Houston Oil Company.
    (1) Deed from Votaw to Kirby Lumber Company.
    (2) Sale before acquisition.
    (3) Validity of deed.
    (4) Passage of title from Kirby Lumber Company to Houston Oil Company.
        (a) Contract with Kirby.
        (b) Trust relation of Kirby Lumber Company.
        (c) Pleadings and decree in equity No. 54.
V.—Title of Keith Lumber Company.
VI.—Defendant as innocent purchaser for value.
    (1) Burden of proof.
    (2) The evidence.
        (a) Testimony of Kirby and Keith.
        (b) Contract of Keith Lumber Company with J. N. Votaw and Turner.
        (c) Lis pendens.
VII.—Errors assigned as to admission of evidence.
VIII.—Liability on warranty.
IX.—Modification of judgment.

[1] I.—*Jurisdiction.*—This suit, instituted in the Southern district of Texas, involves title to real property situate in the Eastern district of that state. None of the defendants resides in the Southern district. On January 28, 1904, the Maryland Trust Company filed suit in the Southern district against the Kirby Lumber Company and the Houston Oil Company of Texas for debt and foreclosure, and prayed for appointment of receivers for the companies. On March 17, 1904, permanent receivers were appointed for each company. This instant suit is ancillary to the main receivership case. The statement of appellant that it was not made a party until after the prop-

erty had been withdrawn from the custody of the court and ordered returned to its owners is not sustained by the record. It appears that the Keith Lumber Company was impleaded by an amended bill, filed on December 29, 1908. On July 28, 1908, a decree was entered fixing the rights of the parties in the receivership suit, but the receivers were not discharged and the properties were not redelivered. On the 15th of April, 1909, an order was made for the delivery of the property. The decree specifically provided that the Houston Oil Company should receive the property subject to all claims, etc., then existing under the decree of July 28, 1908, or which might thereafter be made against the receiver, arising out of the receivership, and the court retained jurisdiction over all of the properties and the parties for the purpose of determining the demands, etc., against the receivers arising out of the receivership. It was also provided that nothing in the decree should affect the status of any pending or undetermined litigation, but that such litigation might continue to final determination in the name of the receiver. That the court had jurisdiction at the time of the institution of the suit is determined by Gordon v. Dillingham, 158 Fed. 1019, 86 C. C. A. 672, White v. Ewing, 159 U. S. 36, 15 Sup. Ct. 1018, 40 L. Ed. 67, and Jenkins v. Dillingham, 220 U. S. 620, 31 Sup. Ct. 723, 55 L. Ed. 613. The decree discharging the receivers and turning the property over to the owners under the recited terms must be held not to have destroyed the jurisdiction which theretofore attached.

[2] II.—*Parties.*—Appellant contends that the Kirby Lumber Company is a necessary party. The allegation of the complaint is to the effect that, at the time of the appointment of receivers, the Oil Company owned and was in possession of the property involved, and that it passed into the control of the receivers. It is also alleged that there is growing and standing yellow pine timber, covered by a "stumpage contract" between the Houston Oil Company and the Kirby Lumber Company, under which the latter has the right to cut the timber growing upon the land and convert it into lumber, etc. Such an allegation is not equivalent to an allegation of ownership, nor does the stumpage contract referred to place the ownership of the timber in the Kirby Lumber Company. The contract gives the Kirby Lumber Company the right to cut 8,000,000,000 feet of timber from the very extensive land holdings of the Oil Company, upon payment of the price and compliance with other conditions set forth. At most the contract is an executory one, under the terms of which the Lumber Company has the right to acquire timber, but the contract may be fulfilled without taking timber from this land. The right with reference to the land is not such as to make the Lumber Company a necessary party.

[3] III.—*Dismissal.*—The appellant contends that the subject-matter of the suit has been destroyed, and that therefore the suit should be dismissed. This motion was tried by the District Judge and determined adversely to appellant. The testimony upon which this action was based is not in the record, and it is impossible to determine that the action taken was erroneous. The record shows that timber has been cut, but does not show that all of it has been removed, nor

that it will be impossible to remove additional timber during the period given by the deed.

[4, 5] IV.—*Title of Houston Oil Company.*—(1) While it is contended that plaintiff did not meet the requirement of proof of the deed from Votaw to Kirby Lumber Company, there seems to be no serious contention that Votaw did not sign the instrument offered as a deed. It was acknowledged, according to the recitations of the record, on January 9, 1902. The acknowledgment carries with it the necessary inference of the signing. The testimony of Kirby would be inconsistent with any other hypothesis. Delivery may also be inferred from acknowledgment, though it is not a necessary inference. Certain statements in the pleadings of the parties in the receivership cases have been introduced to negative delivery. These, however, were evidently not regarded by the trial judge as of sufficient weight to destroy the force of the evidence of Mr. Kirby, who, according to the record, was familiar with the formation of the corporations and with the acquisition of all of the land claimed by the Houston Oil Company. From his testimony it appears that Votaw, the grantor in the deed, was at the time of the acknowledgment the land agent of the Kirby Lumber Company, and entitled to possession, and in actual custody, of the deeds and other muniments of title of the Lumber Company. The circumstances were such that physical delivery from Votaw to another person would not have been necessary. The testimony is to the further effect that Votaw received pay for the land from the Houston Oil Company. Considering the fact of payment, the fact of the signing of the deed, the fact of the acknowledgment, and the duty and obligation under which he was at the time to hold the deed for the Kirby Lumber Company, the evidence is ample to support a finding of the necessary delivery.

[6] (2) Appellant insists that the deed from Votaw to the Kirby Lumber Company, not being a warranty deed, did not pass the title after acquired by Votaw when the patent was issued to him by the state. The deed cannot be regarded as merely a quitclaim. It uses the words "grant, sell, and convey," not "quitclaim." That which is conveyed is not described as the "interest" owned by Votaw. There is a specific description of the property. The deed would have been effective to pass an after-acquired title. Votaw was, in fact, not without rights in the land acquired prior to the deed. The record shows that the land was purchased from the state by J. M. Carpenter, as additional to a purchase from the state occupied as his home for the period required by the law. There is nothing in the law which prevented him from contracting with reference to his interest after purchase, and such a contract was made with Votaw prior to the execution of the deed by Votaw.

(3) The legality of the sale is also questioned upon the ground that the land was bought by Carpenter under an act which forbade sale to a corporation. The sale was made under the act of 1895 (Acts 24th Leg. c. 47) and the amendments of 1897 (Acts 25th Leg. c. 129). A prior act (General Laws of 1889, c. 93) had a provision to the effect that no sale should be made to a corporation. From the circumstance that this statute of 1889, as well as the act of 1895, was

incorporated into a revision or codification of the laws of the state, it was insisted that the act of 1889 was effective. The act of 1895 was a complete system within itself, and was very evidently intended to supersede the prior land sales acts. The proposition upon which appellant depends is adversely determined by the case of State of Texas v. Houston Oil Co. (Tex. Civ. App.) 194 S. W. 424.

[7] (4) *Passage of Title from the Kirby Lumber Company to the Houston Oil Company.*—(a and b) The formation of the Houston Oil Company and the Kirby Lumber Company was due to the activities of John H. Kirby. He and his associates, among whom was C. M. Votaw, had acquired title and inchoate and other rights to large bodies of timber lands. The Houston Oil Company was organized to pay for and take the title to these lands, and the Kirby Lumber Company was formed to mill the timber. One of the initial steps in the organization of the enterprises was a proposition by Kirby to turn over to the Houston Oil Company the lands which he owned and controlled. Included in the lands described in general terms by the proposition made were the lands of "Kirby and Votaw." Kirby testified that, among the Kirby and Votaw lands to be conveyed to the Houston Oil Company, was the timber in controversy. He further testifies that, at the time, the right of an oil corporation formed under the laws of Texas to hold timber was questioned, and it was concluded to place the legal title to this timber in the Kirby Lumber Company, to be held in trust for the Houston Oil Company. He testifies that the price of the timber was paid to Votaw by the Houston Oil Company, that Votaw was directed to make a deed to the Kirby Lumber Company, and that this was done. This testimony would, within itself, be sufficient to authorize the court to hold that title, at the time of the institution of this suit, was in complainants.

[8] (c) The pleadings in the equity cases heretofore referred to show that the Houston Oil Company, the Kirby Lumber Company, and John H. Kirby all regarded the timber in controversy as a part of the subject-matter of the contract, under the terms of which title to the lands was to be placed in the Houston Oil Company, and the right to mill the timber in the Kirby Lumber Company. The controversies of the parties were with reference to the character of payment to Kirby and associates for the lands by the Houston Oil Company, and with regard to the terms upon which the timber was to be cut and paid for by the Kirby Lumber Company. Excerpts from the pleading introduced by defendants are rather to be taken as evidence of the efforts of the several parties to the litigation to procure advantage over their respective adversaries than as matter in estoppel, or as declarations against interest, to be taken advantage of by one not a party to the suit. There was payment by the Houston Oil Company to Votaw for the timber in question; there is recognition of the fact of payment by, and ownership in, the Oil Company by the Kirby Lumber Company and John H. Kirby. The controversies between the parties in no way affected the title to the advantage of strangers to the suit.

[9] Objections were made to the introduction of the decree of July 28, 1908, in equity causes 54, 71, 75, and 84, consolidated, in which title to the timber in controversy is decreed in Houston Oil Company. The Keith Lumber Company was not a party to the suit and is not bound by the decree. The decree was subsequent to the institution of this suit, but prior to the filing of the amended bill by which the Keith Lumber Company was made a party. The Houston Oil Company, however, in any event, does not have to depend on the decree for title. Its rights existed at the time the main suit was instituted. In so far as this title is concerned, the decree merely declares rights which had been theretofore acquired.

If the introduction of the decree was erroneous, the error was of a character not to require reversal, because there is ample evidence outside of the decree to show that whatever interest in the timber C. M. Votaw owned passed before the institution of this suit, either directly to the Houston Oil Company, or from the patentee to the Kirby Lumber Company, and thence to the Houston Oil Company.

V.—*Title of the Keith Lumber Company.*—After the date of the deed to the Kirby Lumber Company, Votaw, on October 16, 1902, conveyed the land to John J. Gannon. Subsequently Gannon conveyed to J. R. Davenport all but 67 acres. On May 25, 1903, Gannon conveyed to William Weiss the 67 acres excepted from the conveyance to Davenport. Gannon also conveyed on November 14, 1905, the 67 acres to J. R. Davenport. On the same day Wm. Weiss and T. H. Bass conveyed the timber on the 67 acres to Davenport, and Votaw executed a deed of confirmation to Davenport to all of the land and timber on the entire section. Contemporaneously, Davenport conveyed to W. C. Tyrrell, who purchased for the Keith Lumber Company 312 acres of section 102 and the timber on the 67 acres and other land.

[10] VI.—*Defendant as an Innocent Purchaser for Value.*—(1) *Burden of Proof.*—Defendant insists that the burden of proof is upon complainants. The validity of the deed is not dependent upon its registration. Registration is authorized for the protection of the purchaser, and required for the protection of other persons against the grantor. One buying land from the owner of land acquires ownership thereof. The statute of Texas (article 6824, R. S. 1911) requiring registration declares a deed valid, though unrecorded, as to all subsequent purchasers with notice thereof or without valuable consideration. It is only as to purchasers for valuable consideration without notice that the unrecorded deed is void. The person undertaking to establish the invalidity of the deed has the burden of proving that he is within the protected class. Nothing in this case suggests an exception to, or modification of, the general rule.

[11] (2) *The Evidence.*—(a) *Testimony of Kirby and Keith.*—The testimony of John H. Kirby is unequivocal to the effect that, prior to the purchase by the Keith Lumber Company, he had told Keith, the president of the Lumber Company, that title was in the Houston Oil Company, and that he especially warned Keith against J. R. Davenport, who at the time held a claim under the second deed from Votaw. These statements are denied by Keith, but he acknowledges

that Kirby told him that he (Kirby) claimed no right under a contract that will be hereinafter referred to between J. N. Votaw and Turner, on the one side, and the Keith Lumber Company, on the other, but that he did not know what would be done by the Houston Oil Company, which had acquired the right of Keith Lumber Company. It is apparent that the District Judge accepted the statements of Mr. Kirby. No sufficient reason appears why this finding should be disturbed.

Keith knew of the relation of Kirby to the Houston Oil Company and of Kirby's knowledge of its affairs. He made no further investigation. The receivership was pending in Houston, where the conversation was had. The receivers and the papers in the case were accessible. If Kirby's statement be accepted, Keith, notwithstanding an unequivocal statement that the ownership was not in Davenport, without any further investigation, paid Davenport for the land.

(b) On August 30, 1899, J. N. Votaw and W. H. Turner executed to appellant a contract by which they agreed to sell to appellant all the merchantable timber on a large body of land in Jefferson and Hardin counties, Tex., including section 102 in controversy. This contract was to run for 20 years. There is nothing in the record to indicate that Turner and Votaw at the time owned any interest in the lands. The terms of the contract, and other evidence, suggest that it was the expectation of the contractors to thereafter acquire the lands. The Keith Lumber Company was to pay for the timber as cut, except that an initial payment was made, which was to be used by the contractors as working capital. Turner transferred his interest in this contract to John H. Kirby. Upon the formation of the Kirby Lumber Company, this contract was by the Keith Lumber Company transferred to the Kirby Lumber Company, and passed to the Houston Oil Company. The contract cannot be said to pass any title to the Houston Oil Company, nor is it clear that it estops the Keith Lumber Company from acquiring title to any of the land or timber covered by its terms. It may be that it could have been considered in passing upon the question of notice to the Lumber Company, but it could not be effective to disturb the court's finding upon that issue.

[12] (c) *Lis Pendens.*—At the time of the purchase of the land by the Keith Lumber Company the receivership suits were pending. There is evidence that would sustain a finding that the timber in controversy had been inventoried as a part of the estate, and that it was in the custody of the receivers, precluding purchase without notice.

[13] VII.—*Errors in Admitting Evidence.*—A number of errors are assigned as to the introduction of evidence. Most of these are disposed of by the foregoing discussion. It is believed that, in some instances, abstract errors have been committed, but the trial was before the court, and it is assumed that no improper evidence has been considered. Every finding essential to the judgment is supported by ample evidence, properly admitted. Each assignment has received careful consideration, but no reversible error is disclosed.

[14] VIII.—*Liability on Warranty.*—The deed from William Weiss

and T. H. Bass to J. R. Davenport to the 67 acres is one of general warranty. By the terms of the deed, both of the grantors became warrantors of title of all the land; and the judgment, which limits the liability of the executors of Weiss to the interest claimed by Weiss, is erroneous. There is nothing to prevent a person from warranting title to land that he neither owns nor claims, and that is what was done by Weiss under the terms of the deed. As between the grantors, an equitable adjustment may be had; but the grantee has a right to stand on the terms of his deed, no reason for the application of a different principle appearing.

IX.—*Modification of Judgment.*—The judgment perpetually enjoins the Keith Lumber Company from going upon or taking timber from the land. The deed of C. M. Votaw to the Kirby Lumber Company limits the right of the grantee to take the timber to a period of 20 years from January 9, 1902. All rights of Votaw in 312 acres except that specifically deeded to the Kirby Lumber Company, subsequently passed to the Keith Lumber Company. The judgment should be so modified as to enjoin the Keith Lumber Company from taking timber until January 9, 1922.

The judgment is modified to conform to the foregoing holdings, and, so modified, is affirmed.