### DUNN et al. v. OIL WELL SUPPLY CO.
(No. 3010.)

Court of Civil Appeals of Texas. Amarillo.
April 11, 1928.

Rehearing Denied May 23, 1928.

1. **Corporations 560(7)—Corporation's receiver has no greater right of action than corporation.**

The receiver of a corporation has no right of action if corporation for which he is acting as receiver has none, and any claim on his part is subject to same defenses with which it might be met if presented by the corporation.

2. **Courts 500—Federal court receivers of corporation which assigned leasehold as security held not entitled to possession of leasehold as against subsequently appointed state court receiver of assignee in possession.**

Where petroleum corporation which assigned oil and gas leasehold to supply corporation to secure indebtedness for machinery, supplies, and equipment was not entitled to possession of leasehold, or revenues and profits therefrom, until it paid indebtedness secured by the assignment and contract, though the two together constituted only a mortgage, and trial court having found on sufficient evidence that supply corporation was in possession of, and was controlling and operating, the property until it was reduced to possession by supply corporation's receiver appointed by state court, receivers of petroleum corporation appointed by federal court could only acquire possession by paying indebtedness, even though they were appointed before appointment of state court receivers.

Appeal from District Court, Hutchinson County; Newton P. Willis, Judge.

Suit by the Oil Well Supply Company against the Marine Corporation and others, in which G. C. Dunn and others, as ancillary receivers of the Julian Petroleum Corporation and another, intervened. From an adverse judgment, interveners appeal. Affirmed.

Webster Atwell, of Dallas, for appellants.
Fischer & Fischer and Underwood, Johnson, Dooley & Simpson, all of Amarillo, for appellee.

JACKSON, J. The Oil Well Supply Company, a corporation, on August 29, 1927, instituted suit in the district court of Hutchinson county, Tex., against the Marine Corpora-

tion, to recover the sum of $29,448.67, and to foreclose mechanic's lien securing the payment thereof.

There are other defendants in the suit, but their rights are not involved in the question presented in this appeal.

The Oil Well Supply Company, hereinafter called appellee, alleged that the Marine Corporation is a foreign corporation, doing business in Texas; that appellee sold to the Julian Petroleum Corporation supplies, machinery, tools, and equipment to be used, and which were used, in the drilling, equipping, developing, and operating oil and gas wells on its leasehold estate in the southwest quarter of section 24, block Y, in Hutchinson county, Tex.; that the Julian Petroleum Corporation sold said leasehold estate, together with said machinery, supplies, etc., to the Marine Corporation, which assumed and promised, as a part of the consideration therefor, to pay appellee said sum of $29,448.67; that appellee had a valid mechanic's lien against said property to secure the payment of its debt, which it sought to foreclose.

The appellee also alleged facts upon which the judge of the district court of Hutchinson county, Tex., appointed Henry Riley receiver to preserve the property during the pendency of the suit.

G. C. Dunn, Joseph Scott, and H. L. Carnahan, hereinafter called appellants, by permission of the court, intervened in the suit filed by appellee, and alleged that they were the ancillary receivers of the Julian Petroleum Corporation and the California-Eastern Oil Company, duly appointed as such by an order of the United States District Court of the Northern District of Texas on June 14, 1927; that under said order, which they set out verbatim, they were authorized and directed to take immediate possession of all properties of the Julian Petroleum Corporation and California-Eastern Oil Company within the state of Texas, including the properties described in appellee's petition; that, under the provisions of the order appointing them ancillary receivers, they took actual possession of the properties involved in the controversy; that the district court of Hutchinson county, Tex., had appointed a receiver for the same property, but was without jurisdiction to do so, as such property was in the possession and control of the United States District Court of the Northern District of Texas; that the leasehold estate involved was assigned by the Julian Petroleum Corporation to the Marine Corporation, but such assignment was not an absolute conveyance of the title thereto, but was made for the purpose of securing a debt which the Julian Petroleum Corporation and the California-Eastern Oil Company were due the Marine Corporation, and the only right or interest of

the Marine Corporation in said property was a lien held by it against the property to secure the payment of its debt; that at and prior to the time of the assignment to the Marine Corporation, the Julian Petroleum Corporation and the Marine Corporation entered into a written contract to the effect that such assignment should be for the purpose of securing the payment of the moneys due the Marine Corporation by the Julian Petroleum Corporation and the California-Eastern Oil Company; that the Marine Corporation had never taken possession of said property under its agreement with the Julian Petroleum Corporation, but had voluntarily abandoned it and left it in the possession of the Julian Petroleum 'Corporation; that, even if the Marine Corporation had taken possession of the property, the appellants, the receivers appointed by the United States District Court of the Northern District of Texas, were entitled to operate, manage, and control the property, as the profits and benefits derived therefrom were in danger of being lost and wasted; that, by reason of the facts alleged by the appellants, the state court was without jurisdiction to entertain appellee's suit, and to appoint a receiver for the property, and therefore appellee's suit should be dismissed and the state receiver appointed by the district court of Hutchinson county discharged.

The appellants attached to their intervention a copy of the contract between the Marine Corporation and the Julian Petroleum Corporation as a part of their pleading.

The appellee, in reply to appellants' plea of intervention, filed a general denial, and alleged that the properties involved were in truth and in fact the property of the Marine Corporation, and were such on the 29th day of August, 1927, on which date it had filed its suit, and the court had appointed Henry Riley, as receiver of said property, who qualified as such and took possession of the property, at which time the Marine Corporation was still the owner and in possession thereof, and that said property had never been in the possession of appellants; that the appellants are wrongfully and unlawfully asserting that they are entitled to title and possession of the property and have a superior right to the right held by the appellee or to that held by Henry Riley, the receiver appointed by the state court, and that the assertion of the right to possession, control, management, and operation of the property by the appellants has clouded the title to said property, impaired appellee's lien, and interferes with the management and control thereof by Henry Riley, the receiver appointed by the state court, has delayed the foreclosure of appellee's lien; that the right of appellants in said property should be denied and appellee's lien adjudged to be a first lien, and that Henry Riley is in rightful possession of the property.

Henry Riley, the receiver appointed by the district court of Hutchinson county, Tex., answered appellants' plea of intervention, alleging that he had been appointed receiver of the property on August 29, 1927, had qualified as such receiver, and had taken actual, physical possession of and operated said property since such appointment, made an inventory thereof, and reported the same to the court; that the property, the possession and management of which is sought by appellants, is the property in the physical possession and under the control and operation of Henry Riley, as receiver, appointed by the state court, and, so long as such intervention is pending, he will be hindered and handicapped in the management of said property, will be unable to collect the proceeds from any oil or gas previously or thereafter sold; that the only source from which he can realize any revenue with which to defray the operation costs and expense of the receivership property are the proceeds of oil produced from the lease, and that it is imperative to continuously operate the wells to prevent depreciation and preserve the oil and premises.

In answer to the cross-action of appellee, the appellants pleaded a general demurrer and general denial.

On motion of appellee, the district court of Hutchinson county, Tex., on October 17, 1927, called a special term of the court to hear and consider appellants' plea of intervention. On October 28th thereafter, said hearing was had, with all parties present, and the court decreed that the appellants take nothing by reason of their intervention, and that the claims presented and asserted thereby be, in all things, denied; that Henry Riley is the duly appointed, qualified, and acting receiver of the property involved, and has been such since the date of his qualification, and that all cloud cast upon the title of the said Henry Riley, as receiver, by such intervention, and all cloud cast upon the right of the said Henry Riley, as receiver, to the possession, operation, and preservation of said property, be canceled and removed, and all costs taxed against appellants. From this judgment, this appeal is prosecuted.

Appellants, by several assignments of error, all of which may be considered together, challenge the jurisdiction of the district court of Hutchinson county, Tex., to entertain appellee's suit and to appoint a receiver therein, because, under the facts disclosed by the record, the appellants had, prior to any action of said district court of Hutchinson county, Tex., been appointed as ancillary receivers of the property of the Julian Petroleum Corporation by the United States District Court of the Northern District of Texas.

The order of the United States District Court appointing the appellants as ancillary receivers was made June 14, 1927, and the sufficiency and validity thereof to authorize

said receivers to take possession, control, and management of all the property of the Julian Petroleum Corporation, situated within the state of Texas, is not questioned.

It is agreed by appellants and appellee, for the purposes of this appeal, that the debt alleged by appellee to be due it is just and due, and that appellee has a lien against the property involved to secure the payment of said debt. Without determining whether, under the facts revealed by this record, the Marine Corporation was the absolute owner of the property in controversy, but conceding appellants' contention that the assignment dated December 20, 1926, from the Julian Petroleum Corporation to the Marine Corporation and the agreement between the Julian Petroleum Corporation and the Marine Corporation, executed the 23d day of December, 1926, should be construed together, and as so construed constitute a mortgage and not an absolute sale, nevertheless appellants admit that under the terms of the assignment and contract the Marine Corporation was entitled to the absolute right to the possession, management, control, development, and operation of said leasehold estate involved herein, and to receive and use the proceeds, earnings, and profits derived therefrom as the absolute owner thereof until the payment by the Julian Petroleum Corporation to the Marine Corporation of an indebtedness of $900,000 secured by said instruments; that said sum had not been paid.

Appellants contend, however, that the Marine Corporation had never taken possession of the leasehold estate involved, and had voluntarily abandoned it to the Julian Petroleum Corporation, and therefore, as ancillary receivers of said Julian Petroleum Corporation, duly appointed as such before the institution of the suit by appellee in the district court of Hutchinson county, Tex., they were entitled to the possession, control, and management of said property, and had taken physical possession, management, and control thereof, and hence the state court was without jurisdiction to entertain appellee's suit and to appoint a receiver for the property.

The court, in his findings of fact necessary to be considered under appellants' contention, finds, in effect, that Henry Riley was appointed on the 29th day of August, 1927, by order of the district court of Hutchinson county, Tex., as receiver for the leasehold estate in controversy; that said receiver immediately qualified, went upon said leasehold estate, and reduced it to physical and manual possession, and took complete control thereof, since which time he has been administering, managing, and operating the property, paying bills for machinery, etc.; that he filed an inventory of the property as belonging to the Marine Corporation; that the ancillary receivers wholly failed to reduce the leasehold estate to their physical possession and failed

to take possession thereof, have done nothing towards managing, controlling, or operating the properties, have not paid any bills, have filed no inventory or report with the United States District Court and made no report that they had taken possession of said property; that the Marine Corporation was not a party to the original suit filed in the United States District Court for the Southern District of California, nor to the ancillary action in the United States District Court for the Northern District of Texas; that, at the time the appellants were appointed ancillary receivers in Texas, the Marine Corporation was in actual and manual possession of the leasehold estate involved in this suit, and was operating, managing, and controlling the same, and claiming and asserting title thereto; that said Marine Corporation was, until the appointment of Henry Riley by the state court receiver, in actual, physical possession of the property, and was never molested nor interfered with, nor its possession divested by the appellants; that the Marine Corporation never, at any time, abandoned the possession, operation, management, and control of the property, but was in actual possession thereof, until same was taken over by Henry Riley, the receiver appointed by the state court.

These findings are attacked by the appellants, but it is our opinion that the testimony, though controverted, is sufficient to support these findings of the court.

[1] The receiver of a corporation has no right of action where the corporation for which it is acting as receiver had none, and any claim on his part is subject to the same defenses with which it might be met if presented by the corporation. Tardy's Smith on Receivers, vol. 1, p. 878, par. 346.

In Ex parte Renfro, 115 Tex. 82, 273 S. W. 813, 40 A. L. R. 900, Chief Justice Cureton of the Supreme Court of this state, says:

"The general rule is well established that a receiver cannot ordinarily, through summary proceedings, take into custody property found in the possession of strangers to the record claiming adversely. The principle upon which the cases announcing this rule generally rest is that the receiver merely stands in the place of and has no greater rights than the party over whose property he has been appointed receiver."

"A receiver takes no greater title to or right in property than the owner had prior to the receivership. The appointment of a receiver does not do away with rights fixed by contract, and the very same contract under which right to the stock is here asserted provides that the executor should hold same until the purchase money should be paid." Continental Trust Co. v. Brown (Tex. Civ. App.) 179 S. W. 939.

The same doctrine is announced in McBride v. American Ry. & Lighting Co., 60 Tex. Civ. App. 226, 127 S. W. 229; White v. Ewing, 159 U. S. 36, 15 S. Ct. 1018, 40 L. Ed. 67; National Exchange Bank v. Benbrook School Furnishing Co. (Tex. Civ. App.) 27 S. W. 297.

[2] Under this record, the Julian Petroleum Corporation had no right to the possession, management, control, or operation of said property or to the revenues and profits derived therefrom until it had paid to the Marine Corporation the indebtedness of $900,-000 secured by the assignment and contract, although the two construed together constituted only a mortgage. It being conceded that the debt had not been paid, and the court having found, on sufficient testimony, that the Marine Corporation was in possession of, was managing, controlling, and operating the property until the same was reduced to possession by Henry Riley, the receiver appointed by the state, the appellants had no greater rights than the Julian Petroleum Corporation, and it could only acquire the right of possession, management, and control of the property by paying the indebtedness to the Marine Corporation.

Hence, in our opinion, the state court had jurisdiction, and the judgment is affirmed.