## GREEN–BOOTS CONST. CO. et al. v. HAYS.
### No. 538.

Circuit Court of Appeals, Tenth Circuit.
March 1, 1932.

F. A. Rittenhouse, Frank E. Lee, John F. Webster, O. R. Rittenhouse, and R. R. Rittenhouse, all of Oklahoma City, Okl., for appellants.

C. B. Stuart, of Oklahoma City, Okl., and Howell E. Hays, E. J. Doerner, and B. A. Hamilton, all of Tulsa, Okl., for appellee.

Before PHILLIPS and McDERMOTT, Circuit Judges, and KENNEDY, District Judge.

PHILLIPS, Circuit Judge.

In November, 1930, the Sand Springs Home, a corporation organized under the laws of Oklahoma, filed a creditor's bill in the Federal District Court for the Northern District of Oklahoma against the Tulsa Rolling Mills Company, a corporation organized under the laws of Delaware. The amount in controversy, exclusive of interest and costs, exceeded three thousand dollars. The bill among other things prayed for the appointment of a receiver for the Tulsa Company. Howell E. Hays was appointed receiver and was given authority to collect the notes, bills, and other evidences of indebtedness due to the Tulsa Company.

Thereafter the receiver filed an ancillary proceeding against the Green-Boots Construction Company and the Southern Surety Company to recover for materials furnished pursuant to a written contract by the Tulsa Company to the Construction Company. The Surety Company was surety on a bond given by the Construction Company to the Tulsa Company to guarantee the performance of such contract. The Construction Company and the Surety Company filed separate demurrers to the petition in the ancillary proceeding, in which they set up that the court was without jurisdiction. Such demurrers were overruled. Whereupon they filed an answer in which they again challenged the jurisdiction of the court. A jury was waived and the cause was tried to the court. From a judgment in favor of the receiver, the Construction Company and the Surety Company have appealed.

The sole question presented by this appeal is whether the court had jurisdiction of the ancillary action. The filing of the original creditor's bill and the appointment of the receiver gave the United States District Court jurisdiction over the Tulsa Company and its assets. Any suit by such receiver, in the course of winding up the affairs of the Tulsa Company, for the collection of its assets is ancillary to the main suit and is cognizable in such District Court regardless either of the citizenship or of the amount in controversy. White v. Ewing, 159 U. S. 36, 15 S. Ct. 1018, 40 L. Ed. 67; Pope v. Louisville, N. A. & Chicago R. Co., 173 U. S. 573, 577, 578, 19 S. Ct. 500, 43 L. Ed. 814; Gunby v. Armstrong (C. C. A. 5) 133 F. 417; Bowman v. Harris (C. C. Ark.) 95 F. 917; Peck v. Elliott (C. C. A. 6) 79 F. 10, 38 L. R. A. 616.

The fact that the District Court had possession of all of the assets of the Tulsa Company for the purpose of winding up its affairs as an insolvent corporation gave it authority and jurisdiction to bring a debtor of that corporation before it, to the end that his debt may be ascertained and payment coerced. Peck v. Elliott, supra; Porter v. Sabin, 149 U. S. 473, 479, 13 S. Ct. 1008, 37 L. Ed. 815.

It is immaterial that the ancillary proceeding is of a legal nature and the receiver has an adequate remedy at law. The jurisdiction in equity of the main bill supports that of the ancillary bill. Peck v. Elliott, supra; Cunningham v. City of Cleveland (C. C. A. 6) 98 F. 657; Hollander v. Heaslip (C. C. A. 5) 222 F. 808; Hume v. City of New York (C. C. A. 2) 255 F. 488; Porter v. Sabin, supra; In re Tyler, 149 U. S. 164, 181, 13 S. Ct. 785, 37 L. Ed. 689.

The parties duly waived trial by jury in the ancillary proceeding. Therefore the question of the right to a jury trial, where the ancillary proceeding is legal in its nature, is not presented. It was exhaustively considered by Judge Booth in Carey v. McMillan (C. C. A. 8) 289 F. 380.

We conclude that the court had jurisdiction and the judgment is therefore affirmed.