GREGORY, Circuit Judge,
dissenting:
The question in this appeal is whether a district court may hear an action brought by a receiver against a defendant, when both the claim and the defendant are unrelated to the underlying action in which the receiver was appointed, absent congressional authorization. I believe that it may not and respectfully dissent from the majority’s contrary holding.
Our resolution of the jurisdictional question here is complicated by two clearly conflicting lines of authority: First, in a string of cases between 1895 and 1935, the Supreme Court declared that district courts have jurisdiction to hear any claims brought by receivers properly appointed by the district court. See Alexander v. Hillman, 296 U.S. 222, 238, 56 S.Ct. 204, 80 L.Ed. 192 (1935); Pope v. Louisville, N.A & C. Ry. Co., 173 U.S. 573, 577, 19 S.Ct. 500, 43 L.Ed. 814 (1899); White v. Ewing, 159 U.S. 36, 38-39, 15 S.Ct. 1018, 40 L.Ed. 67 (1895). On the other hand, in a more recent series of decisions, the Supreme Court changed course and held that federal courts lack power to hear any claims without congressional authorization. Raygor v. Regents of the Univ. of Minn., 534 U.S. 533, 539-40, 122 S.Ct. 999, 152 L.Ed.2d 27 (2002); Finley v. United States, 490 U.S. 545, 552, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989). In doing so, the Court has criticized and rejected other, expansive descriptions of ancillary jurisdiction made by the Court at the turn of the Twentieth Century. See Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 379, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994).[1]
Faced with this conflict, I feel compelled to follow the more recent line of authority. In Finley, the Court made clear that absent congressional legislation, a court with “jurisdiction over claims involving particular parties does not [have] jurisdiction over additional claims by or against different parties.” 490 U.S. at 556, 109 S.Ct. 2003; see Raygor, 534 U.S. at 539-40, 122 S.Ct. 999 (explaining “that absent authorization from Congress, a district court could not exercise pendent jurisdiction over claims involving parties who were not already parties to a claim independently within the court’s subject matter jurisdiction”).[2] *367 Congress then enacted 28 U.S.C. § 1367, which permits federal courts to hear additional claims by or against additional parties if those claims “are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.” Id. § 1367(a). If, after Finley, district courts may not hear new claims involving additional parties without an express grant of jurisdiction by Congress, and Congress, in § 1367, grants the federal courts power only to hear new claims involving additional parties to the extent those claims are part of the same case or controversy, then it must be that district courts may not hear new claims involving additional parties that are not part of the same case or controversy as the underlying claim.
In light of Finley and its progeny, § 1367 can only be read to abrogate the common law doctrine, announced in White that courts have the power to hear any and all new claims against additional parties brought by a receiver. White, Pope, and Hillman can no longer be good law to the extent they allow a receiver to bring new claims against a new defendant if that claim lacks any connection to the underlying suit that the district court is competent to hear.
The receiver here was appointed to manage Pukke’s assets in a civil enforcement action brought by the FTC alleging that Pukke, through his corporations, Ameridebt and DebtWorks, engaged in a fraudulent debt counseling scheme. After the parties settled the underlying suit, the receiver brought this action under District of Columbia law against Holibaugh to collect on a debt Holibaugh owed to Pukke’s other corporation, Infinity, and which undisputedly had no connection whatever to the counseling scheme. Therefore, contrary to the receiver’s claim, the district court lacked jurisdiction to hear the suit under § 1367, both because it was filed after the underlying suit was resolved and because there was no connection between the appellant or the cause of action and the underlying FTC suit. Id. § 1367(a); see Peacock v. Thomas, 516 U.S. 349, 355-56, 116 S.Ct. 862, 133 L.Ed.2d 817 (1996) (holding that the Court lacked ancillary jurisdiction to hear claims brought after underlying suit was resolved and where allegations in subsequent suit, which sought to pierce the corporate veil, had “little or no factual interdependence” with underlying question of whether corporate officers had breached their fiduciary duty).
As I read its opinion, the majority agrees that § 1367 does not provide the district court with jurisdiction to hear the receiver’s claim against Holibaugh. Instead, the majority attempts to salvage the long-lost doctrine of unlimited receivership jurisdiction by claiming that it falls within the “proceedings prong” of ancillary jurisdiction. Under this prong, district courts have very narrow power to hear “subsequent proceedings for the exercise of a federal court’s inherent power to enforce its judgments.” Id. at 356, 116 S.Ct. 862; see Kokkonen, 511 U.S. at 379-80, 114 S.Ct. 1673. The relationship between this case and an enforcement proceeding, however, brings to mind images of a square pegs in round holes and bridges too far.
The majority is correct to note that the Supreme Court has recognized the continuing vitality of enforcement jurisdiction absent explicit congressional authorization, see Maj. Op. at 362-63, but the very case *368 the majority cites for the proposition makes it equally clear that this case cannot be redefined as an enforcement proceeding. In Peacock, the Court recognized a district court’s power to use garnishment, mandamus, or attachment against a third-party to enforce its judgment against a defendant. 516 U.S. at 356-57, 116 S.Ct. 862. The Court explicitly stated, however, that enforcement jurisdiction did not extend to “a subsequent lawsuit to impose an obligation to pay an existing federal judgment on a person not already liable for that judgment.” Id. at 357, 116 S.Ct. 862. And it went on to say that enforcement jurisdiction did not apply to “proceedings that are ‘entirely new and original’ or where ‘the relief sought is of a different kind or on a different principle’ than that of the prior decree.” Id. at 358, 116 S.Ct. 862 (internal citations and alterations omitted). In short, where a subsequent claim “is founded not only upon different facts than the [underlying] suit, but also upon entirely new theories of liability,” the court’s ancillary enforcement jurisdiction is inapplicable. Id.
The claim advanced by the receiver here, to recover on a note against Holibaugh, is everything that Peacock explicitly says enforcement jurisdiction is not. The receiver has never suggested, let alone pleaded or proven, that its suit against Holibaugh has anything to do with the judgment entered by the district court in conjunction with Pukke’s settlement with the FTC. It is an “entirely new and original” action, seeking a legal remedy that is based on “different facts” and “entirely new theories of liability” from the FTC action, id., to wit, a claim to recover on a note against a defendant who had nothing to do with the underlying fraud.
Simply put, the receiver’s suit against Holibaugh is a prototypical example of an entirely new claim against a new party, which cannot be brought in federal court absent statutory authorization. Finley, 490 U.S. at 556, 109 S.Ct. 2003. Because neither § 1367 nor any other statutory provision grants the district court jurisdiction to hear this claim, I would vacate the judgment and remand with instructions to dismiss the suit for lack of subject matter jurisdiction.

. In Kokkonen, the Court confronted the view, previously expressed by the Court that ancillary jurisdiction encompassed any action "to obtain and secure the fruits, benefits and advantages of the proceedings and judgment in a former suit in the same court by the same or additional parties or to obtain any equitable relief in regard to, or connected with, or growing out of, any judgment or proceeding at law rendered in the same court.” 511 U.S. at 379, 114 S.Ct. 1673 (quoting Julian v. Central Trust Co., 193 U.S. 93, 113-14, 24 S.Ct. 399, 48 L.Ed. 629 (1904)) (internal alterations omitted). The Court, in an opinion by Justice Scalia, dismissed this application of ancillary jurisdiction as overly "expansive,” stated that ancillary jurisdiction "does not stretch so far as that statement suggests,” and refused to follow it. Id.

. So while it is true, as the majority maintains, that absent evidence of contrary intent we may assume that Congress acted against the backdrop of the common law, see Maj. *367 Op. at 363, after Finley, that backdrop prohibits courts from hearing ancillary claims without congressional authorization.