## HUME v. CITY OF NEW YORK.

### (Circuit Court of Appeals, Second Circuit. December 11, 1918.)

#### No. 105.

1. COURTS ⟨⟩405(5)—CIRCUIT COURT OF APPEALS—JURISDICTION.
   An appeal which presents questions other than that of the jurisdiction of the District Court is properly taken to the Circuit Court of Appeals.

2. COURTS ⟨⟩264(3)—JURISDICTION OF FEDERAL COURTS—ANCILLARY SUIT.
   An action by a general receiver appointed by a federal court for the property of an insolvent corporation, and to collect and preserve its assets, on a chose in action in favor of the corporation, is ancillary to the original suit and within the jurisdiction of the court, regardless of citizenship of parties, although the action is one in tort for damages against a municipal corporation.

3. EQUITY ⟨⟩35—"ANCILLARY SUIT."
   An "ancillary suit" in equity is one growing out of a prior suit in the same court, dependent upon and instituted for the purpose either of impeaching or enforcing the judgment or decree in a prior suit, and the jurisdiction of such suit is dependent upon the jurisdiction of the court of the prior suit.

   [Ed. Note.—For other definitions, see Words and Phrases, Ancillary Suit.]

In Error to the District Court of the United States for the Eastern District of New York.

Action at law by Arthur Carter Hume, as receiver, against the City of New York. Judgment for defendant, and plaintiff brings error. Reversed.

The defendant interposed a demurrer to the plaintiff's complaint, the demurrer was sustained, and the plaintiff appeals.

On the 30th day of December, 1910, a bill in equity was filed against the South Shore Traction Company, alleging insolvency. Thereafter Paul T. Brady and Willard V. King were appointed receivers by the District Court for the Eastern District of New York. The order recites:

"(1) That until further order Paul T. Brady and Willard V. King be and they hereby are appointed receivers for this court of the defendant corporation, and of all its real and personal property, all its assets and choses or things in action, including all moneys and book accounts, contracts of all kinds, debts due or to become due, bills receivable, bonds, stocks, mortgages, securities, deeds, leases, all interest in lands, both legal and equitable, muniments of title, rents, profits, incomes, of every kind and description, plants, works, machinery, and all other beneficial interests and valuable things held, owned, or possessed by the defendant, or to which it had the rights of possession, of every kind, description, and nature, wherever the same may now be, with all the rights and powers of receivers in such or like cases."

The order contained further provisions, among which were that the receivers carry on the business of the corporation, preserve and advantageously convert into money the property assets and effects of the corporation, collect any debt or demand, appear in and defend any and all suits at law or in equity then pending against the corporation, or do any and all lawful acts and

things usual in the premises "which in their judgment shall be best calculated to enable them to collect and preserve the property and assets of the corporation."

The receivers thus named continued in possession, sold the railroad, and transferred the property and good will, including the franchise rights, with the consent of the city of New York, to another traction company. After accounting, they were discharged, and the present receiver was appointed by an order of the District Court on the 21st of December, 1914. This latter order provided, among other things, as follows:

"Ordered, that Arthur C. Hume * * * be and he hereby is appointed receiver of the South Shore Traction Company in the place and stead of said Paul T. Brady and Willard V. King, and is hereby given all the powers and rights heretofore vested in said Paul T. Brady and Willard V. King as such receivers, and all the conditions and provisions of the original order appointing said Paul T. Brady and Willard V. King as such receivers are hereby made applicable in connection with the appointment of the receiver now substituted in place of said former receivers," etc.

With the power thus conferred, the plaintiff has instituted this action against the city of New York seeking to recover $1,750,000, in a complaint which alleges three separate causes of action which, in substance, allege that the traction company sustained damage because of delays and interferences on the part of the city, which were caused by reason of actions and conduct on the part of the city in carrying out its contract obligations arising through the franchises obtained by the traction company. The defendant appeared generally and signed various stipulations by which it obtained extensions of time to plead to the complaint. Later a demurrer was interposed, which the court sustained.

Arthur Carter Hume, of New York City, in pro. per.

William P. Burr, Corp. Counsel, of New York City (John P. O'Brien and Vincent Victory, both of New York City, of counsel), for defendant in error.

Before WARD, ROGERS, and MANTON, Circuit Judges.

MANTON, Circuit Judge (after stating the facts as above). [1] The District Judge sustained the demurrer upon the theory that the court was without jurisdiction to pass upon the claims of the receivers against the city (a citizen of the state of New York) for a cause of action based upon a claim of damages for tort, holding also that the filing of a general appearance in the action was not such a waiver as precluded the right to object to such want of jurisdiction. The defendant challenges the right of the plaintiff to be heard in this court, contending that the sole question presented is one of jurisdiction, and that the plaintiff's relief should be sought directly from the Supreme Court. American Sugar Refining Co. v. New Orleans, 181 U. S. 277, 21 Sup. Ct. 646, 45 L. Ed. 859. But here the plaintiff does not present solely the question of jurisdiction, and in view of the questions presented by the assignment of errors 1 and 2 this court can and will entertain jurisdiction upon this appeal.

For instance, the plaintiff presents as a first question the right of the court below to resettle the decree over his objection and makes that the subject of his first assignment of error. In Coler v. Grainger Co. et al., 74 Fed. 16, 20 C. C. A. 267, on the motion to dismiss an appeal in the Sixth Circuit, Taft, J., said:

"The motion to dismiss the appeal, however, cannot be sustained in the case at bar, because the record does present questions other than that of the jurisdiction of the Circuit Court."

And in Cobb v. Sertic, 218 Fed. 320, 134 C. C. A. 116, a similar question was presented, and the court there said:

"The only question argued in this case, either orally or in the briefs, is one of jurisdiction of the court below; but the proceeding in this court is prosecuted upon assignments of error which embrace a number of questions concerning the merits of the cause. It follows that the case is rightly here, and that this court may pass upon the question argued."

[2] By the order of appointment the present receiver is the successor of Messrs. Brady and King, who had very general powers conferred upon them, with the view of obtaining, by taking possession, collecting, compromising, or suing for, all of the assets of the traction company. When this plaintiff was appointed receiver, he was not restricted, and, indeed, had conferred upon him the same powers as did Brady and King. The right to institute and maintain ancillary suits in the District Court in which the action was originally instituted, in aid of the objects of the receivership, is well settled. The original equity action resulting in the appointment of the receivers was between a citizen of New Jersey and a citizen of New York, and if the present action is ancillary to that suit, it is controlled by the rule announced in the Supreme Court in White v. Ewing, 159 U. S. 36, 15 Sup. Ct. 1018, 40 L. Ed. 67. There it was said:

"As was observed by this court in Porter v. Sabin, 149 U. S. 473, 479 [13 Sup. Ct. 1008, 1010 (37 L. Ed. 815)]: 'When a court exercising a jurisdiction in equity appoints a receiver to hold the property of a corporation that court assumes the administration of the estate; the possession of the receiver is the possession of the court; and the court itself holds and administers the estate, through the receiver as its officer, for the benefit of those whom the court shall ultimately adjudge to be entitled to it.' The Circuit Court obtained jurisdiction over the Cardiff Coal & Iron Company by the filing of the original creditors' bill by Bosworth, a citizen of Massachusetts, and by the appointment of a receiver, and any suit by or against such receiver, in the course of the winding up of such corporation, whether for the collection of its assets or for the defense of its property rights, must be regarded as ancillary to the main suit, and as cognizable in the Circuit Court, regardless either of the citizenship of the parties, or of the amount in controversy."

In a later case, Pope v. Louisville, etc., Ry. Co., 173 U. S. 573, at page 577, 19 Sup. Ct. 500, at page 501 (43 L. Ed. 814), the Supreme Court again took occasion to say:

"When an action or suit is commenced by a receiver appointed by a Circuit Court (now the District Court),[1] to accomplish the ends sought and directed by the suit in which the appointment was made, such action or suit is regarded as ancillary so far as the jurisdiction of the Circuit Court as a court of the United States is concerned; and we have repeatedly held that jurisdiction of these subordinate actions or suits is to be attributed to the jurisdiction on which the main suit rested."

In Hollander v. Heaslip, 222 Fed. 808, 137 C. C. A. 1, it was held that an ancillary bill would be sustained where the receiver in equity, ad-

[1] Parentheses ours.

ministering the estate of an insolvent corporation, sought to recover against stockholders for liability against them for agreements to subscribe. Walker, J., said:

"We are not of opinion that the court was in error in overruling the above-mentioned demurrer. The bill to which it was interposed was auxiliary to the original suit in which, by means of a receivership, the court had acquired possession of the assets of the World Publishing Company, Limited, for the purpose of applying them to the payment of its debts. This enabled it to cause a debtor to that corporation who was within reach of its process to be brought into the original cause, to the end that his debt might be ascertained and payment coerced. It was for the court, in its discretion, to decide whether it would determine for itself all claims of the corporation whose estate it was administering, or would allow them to be litigated elsewhere. It was within its power to hear and determine all controversies regarding such claims, at least in so far as it could acquire jurisdiction of the persons of those who were parties to such controversies, though the questions thus collaterally involved were of a purely legal nature."

In Blair v. Chicago, 201 U. S. 400, 26 Sup. Ct. 427, 50 L. Ed. 801, receivers were permitted to maintain a bill ancillary to a suit in which they were appointed against a municipal corporation, a city of the same state as themselves.

[3] An ancillary suit in equity is one growing out of a prior suit in the same court, dependent upon and instituted for the purpose either of impeaching or enforcing the judgment or decree in the prior suit, and the jurisdiction of such suit is dependent upon the jurisdiction of the court of the prior suit. Minn. Co. v. St. Paul Co., 2 Wall. 609, 17 L. Ed. 886; Krippendorf v. Hyde, 110 U. S. 276, 4 Sup. Ct. 27, 28 L. Ed. 145.

The rights of this plaintiff to invoke in his aid the jurisdiction of the District Court, since the question of diversity of citizenship does not aid him, are dependent upon the former action in equity of which the court had jurisdiction and in which an order was entered appointing him receiver, and if the present bill can be said to restrain, avoid, explain, or enforce the judgment or decree therein, or to enforce and obtain the jurisdiction of liens upon or claims to the property in the custody of the court in the original suit, such a dependent suit is but a continuation in a court of equity of the original suit to the end that more complete justice may be done. Brun v. Mann, 151 Fed. 145, 80 C. C. A. 513, 12 L. R. A. (N. S.) 154. The question is therefore presented whether this plaintiff, as an officer of the court, can be said to have this claim or this chose in action, as the custodian of this estate, as a possession coming to him in the original suit.

In White v. Ewing, supra, Judge Brown said:

"Any suit by or against such receiver in the course of winding up such corporation, whether for the collection of its assets or for the defense of its property rights, must be regarded as ancillary to the main suit, and as cognizable in the Circuit Court, regardless either of the citizenship of the parties or of the amount in controversy."

In Armstrong v. Trautman (C. C.) 36 Fed. 275, the receiver of a national bank was permitted to maintain an action, irrespective of citizenship, to recover an amount due the bank of which he was appointed re-

ceiver in an equity action. Indeed, the order appointing the original receivers, and the plaintiff as their successor, commanded this receiver to maintain or to collect, by suit or otherwise, all the assets of the insolvent corporation for the benefit of its creditors, and this required him to maintain the present suit, even though his right of recovery may be said to be based in an action in tort for damages. If a meritorious cause of action existed against the defendant at the time that the plaintiff became the receiver, he was entitled to the possession of that chose in action, as he would be if it consisted of some tangible property which he might physically take into his possession. The District Judge said:

"In so far as a chose in action or an intangible asset is in the possession of the receiver in the same sense in which a tangible asset would be in his possession, this court will hold that a claimant thereto might proceed to litigate with the receiver the right to possession or to the proceeds when obtained and that this litigation would be within the jurisdiction of this court as ancillary and incident to the jurisdiction under the original decree."

The converse of this is also true, so that with a chose in action outstanding it will be deemed in the possession of the receiver in the same sense as a tangible asset would be.

We see no reason why the District Court should lack jurisdiction to maintain an action of this character as ancillary to the original suit, if the court had the jurisdiction (as it is conceded to have) to maintain an action if it were founded in breach of contract. We therefore conclude that the suit is ancillary to the original suit and that the court had jurisdiction of the subject-matter of this action.

Concluding thus, it will be needless to examine into the plaintiff's claim that the court, in sustaining the defendant's demurrer, erroneously took into consideration matters other than the contents of the file papers, and which is made the subject of the first assignment of error. The suggestion in the plaintiff's brief that the demurrer interposed is frivolous, and that the defendant should be denied the right to plead in the event that this court should hold that the demurrer was not well founded, of course, must not prevail. The city should have the usual opportunity to file its answer to the complaint, and a trial be had upon the merits of the issues thus raised by such pleadings.

Judgment will therefore be reversed.