## WESTINGHOUSE ELECTRIC & MFG. CO. v. RICHMOND LIGHT & R. CO.

(District Court, E. D. New York. July 17, 1920.)

1. **Courts ☞264(3)—Ancillary proceedings may involve litigation of separate issues.**

    Proceedings ancillary to receivership may be brought in aid thereof, though they involve litigation of other issues.

2. **Courts ☞264(3)—Ancillary proceedings, involving independent action, should be set forth in form of pleadings.**

    Where ancillary proceedings in aid of a receivership involve the trial of an independent action, they should be set forth in the form of pleadings, not merely by affidavit.

3. **Receivers ☞73—Ancillary proceedings to restrain interference with receiver may be instituted by affidavit.**

    Ancillary proceedings to restrain interference by municipal officers with a receiver do not involve the trial of an independent action, and may be instituted by affidavit and petition for order to show cause.

In Equity. Suit by the Westinghouse Electric & Manufacturing Company against the Richmond Light & Railroad Company. On application for instituting contempt proceedings. Preliminary objection to application overruled.

See, also, 267 Fed. 490.

I. R. Oeland, of New York City, for the motion.

John P. O'Brien, Corp. Counsel, and William B. Carswell, Asst. Corp. Counsel, both of New York City, appearing specially, opposed.

CHATFIELD, District Judge. An application for instituting contempt proceedings has, upon cessation by the commissioner of plants and structures of the various acts complained of, been adjourned until further application on the part of the receiver. The balance of the motion asking for a specific injunction against continued operation of the busses, and against further interference with the operations of the receiver, has been met by a preliminary objection which deserves some consideration.

[1] This contempt proceeding has been brought into this court as an ancillary proceeding to the action in which the receiver was appointed. Ancillary proceedings involving even the litigation of issues may be brought in aid of the main action in the court in which that action is pending. Gas & Elec. Sec. Co. v. Manhattan & Queens Tr. Corp., 266 Fed. 625, Circuit Court of Appeals opinion filed February 24, 1920; City of Shelbyville, Ky., v. Glover, 184 Fed. 234, 106 C. C. A. 376; Pell v. McCabe, 256 Fed. 512, 168 C. C. A. 18; Hume v. City of New York, 255 Fed. 488, 166 C. C. A. 564.

The precise form of such ancillary proceedings would necessarily depend upon the matter itself. The ancillary proceeding might have to do with a claim in which a trial by jury was demanded and could be had as a right. The ancillary proceeding might have to do with the ownership of certain property in the hands of the receiver and be equivalent to an equity action or an action of foreclosure. It may have to do with punitive or compulsory restraint to compel obedience with an order of the court. Gompers v. Buck Stove & Range Co., 221 U. S. 418, 31 Sup. Ct. 492, 55 L. Ed. 797. But we have not yet reached that point in this litigation, and the corporation counsel raises a preliminary objection that, although such proceedings may be started upon petition, yet, if they are in effect equivalent to an independent suit or action, the petition upon which they are started should be a regularly verified pleading, and not an affidavit, such as is ordinarily used to obtain an order to show cause.

The preliminary objection which was made to the petition, in so far as it seemed to ask punitive relief only, illustrates the point. As was said in the Buck Stove Case, supra, if the proceeding is to be carried on as a criminal prosecution, it should proceed in a form which could properly be deemed for the purpose of vindicating the authority of the court only, and in which the rights of the respondent or defendant could be preserved.

[2, 3] In the present case, if the application involved the trial of an independent action, the respondent would have the right to apply to the court to have the cause of action urged against him set forth in the form of a pleading. But the present application is not an ancillary suit in that sense. While the issues involved may be important, the question is merely whether the respondent should be restrained from certain acts which are alleged to interfere with the receiver. An order to show cause and ancillary proceedings of this sort do not require the employment of pleadings, such as would be necessary in the institution of an action.

The preliminary objection will be overruled, and the temporary restraining order continued until the matter of punishment for contempt is further brought on for hearing, when an answer to the merits of the motion may be interposed.