## McMILLAN v. ANDERSON et al.

(District Court, N. D. Iowa. June 30, 1922.)

1. Courts ⬩264(3)—Federal court has ancillary jurisdiction in case of receiverships.

The appointment by a federal court of a receiver, who has taken possession of the property of a corporation, withdraws the property from the jurisdiction of all other courts during administration of the estate, and that court has jurisdiction of any ancillary suit affecting such property, regardless of the citizenship of the parties or the amount in controversy.

2. Receivers ⬩175—Suit by receiver to collect assets ancillary to main suit.

A suit by the receiver for a corporation for collection of assets or enforcement of its property rights, brought in the court of his appointment, is ancillary to the main suit.

3. Equity ⬩38—Not deprived of jurisdiction because legal question is collaterally involved.

A court of equity is not deprived of jurisdiction merely because a purely legal question becomes collaterally involved.

4. Corporations ⬩560(7)—Ancillary suit by receiver held maintainable against stockholders and creditors.

An insolvent corporation for which a receiver was appointed held notes for stock subscriptions, which it indorsed and transferred to creditors whose claims were filed and allowed in the receivership suit. *Held*, that an ancillary bill in equity by the receiver was maintainable against all such stockholders and the creditors for the equitable adjustment of rights as between all parties, both on the grounds of avoiding a multiplicity of suits and the inadequacy of any remedy at law and because there was a community of interest among the defendants in the questions of law and fact involved in the general controversy.

In Equity. Suit by H. G. McMillan, receiver for the Midland Packing Company, against Harry Anderson and others. On motions to dismiss bill. Denied.

⬩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

C. M. Stilwill, of Sioux City, Iowa, for receiver.

E. E. Wagner, of Sioux City, Iowa, for Midland Packing Co.

Jepson, Struble & Anderson, Kindig, McGill, Stewart & Hatfield, Snyder, Gleysteen, Purdy & Harper, and Free & Pickus, all of Sioux City, Iowa, Healy & Breen, of Ft. Dodge, Iowa, E. A. & W. H. Morling, of Emmetsburg, Iowa, and E. J. Stason, of Sioux City, Iowa, for defendants.

ELLIOTT, District Judge. [1] Upon the question of jurisdiction of the federal courts I entertain no doubt. As suggested at the close of the oral argument, the filing of the bill in the original suit and the determination of the issues presented by the then judge of this court, resulting in the appointment of a receiver, which action of the court was thereafter reviewed by the Circuit Court of Appeals, determined the status of the property of the Midland Packing Company and the jurisdiction and duty of this court. The taking possession by the court of the property of this company, through the officers of the court, withdrew the property from the jurisdiction of all other courts during the continuance of the administration of the estate. This court, having acquired this jurisdiction, is competent to hear and determine all questions respecting the title, possession, and control of the property. Under this general rule ancillary jurisdiction of the federal courts exists over subordinate suits affecting property in their possession, although the diversity of citizenship necessary to confer jurisdiction in an independent suit does not exist. Wabash R. Co. v. Adelbert College of the Western Reserve University, 208 U. S. 38, 28 Sup. Ct. 182, 52 L. Ed. 379; White v. Ewing, 159 U. S. 36, 15 Sup. Ct. 1018, 40 L. Ed. 67.

It seems to be well settled that, when the plaintiff was appointed receiver, he had the right to institute and maintain ancillary suits in the United States District Court for the Northern District of Iowa, in which the action was originally instituted in aid of the objects of the receivership. The original action was between a citizen of South Dakota and a citizen of the Northern district of Iowa, and, if the present action is ancillary to that suit, it is controlled by the rule announced by the Supreme Court of the United States in White v. Ewing, supra. That case announced the doctrine that, when a court exercising jurisdiction in equity appoints a receiver to hold the property of a corporation, that court assumes the administration of the estate. The possession of the receiver is the possession of the court, and the court itself holds and administers the estate through the receiver as its officer for the benefit of those whom the court shall ultimately adjudge to be entitled to it.

[2] This court obtained jurisdiction by the filing of the original petition in the original action, and any suit by or against such receiver in the court of the winding up of the business affairs of the insolvent corporation, whether for the collection of its assets or the defense of its property rights, must be regarded as ancillary to the main suit, and is cognizable in this court, regardless either of the citizenship of the parties or of the amount in controversy. Hume v. City of

New York, 255 Fed. 490, 166 C. C. A. 564. The jurisdiction of this court to entertain this suit brought by the receiver depends upon its jurisdiction in the original case, to which this proceeding is ancillary. This suit is auxiliary to the original suit. It is a petition by the receiver asking the aid of the court to enable him to collect in assets of the corporation. It was for this court, in its discretion, to decide whether it would determine for itself these claims of the corporation whose estate it is administering, or would allow them to be litigated elsewhere. It was within its power to hear and determine all controversies regarding such claims, and upon petition filed by the receiver this court duly made and entered an order in the original proceeding, authorizing and directing the institution of this suit by the receiver against these defendants.

[3] The jurisdiction of the court in the principal case is not questioned. The fact that this court has possession of all of the assets of the Midland Packing Company, for the purpose of winding up its affairs as an insolvent corporation, is the fact which makes it admissible to bring these suits into this court, to the end that their respective debts may be ascertained and payment coerced. Complete jurisdiction of this court over the res, the property and assets of this corporation, involved its right to bring before it persons having possession of any of these assets, or having claims thereto, or who were indebted to it, and either itself hear and determine such controversies, or refer them to a master or to a jury as it sees fit. A court of equity is not deprived of jurisdiction simply because a purely legal question becomes collaterally involved. Peck v. Elliott, 79 Fed. 10, 24 C. C. A. 425.

[4] Counsel for defendants earnestly urge, however, that, conceding the jurisdiction of the court to try and determine the issues presented as to any particular defendant, this proceeding in equity joining them as defendants cannot be sustained, and that there is a right to separate trial in behalf of each of the defendants in an action brought against him individually, for the reason that plaintiff has a remedy at law. The question actually presented in this case is not alone whether the plaintiff had a remedy at law, for that remedy he clearly has, but whether, in view of the facts alleged in the bill filed herein, it is an adequate one. It may be conceded that the time is not very remote in our judicial history, when a wronged party sought the intervention of equity and he could be truthfully met by the reply, "You have a remedy at law in an action for damages," such reply would have been the end of his bill. He would have been turned out of court for want of jurisdiction. But this answer is no longer conclusive as to the jurisdiction. Courts now go further, and inquire whether under the fact the remedy at law is not vexatiously inconvenient, and whether it is so proximately certain as to be adequate to right the wrong complained of. Cook v. Carpenter, 212 Pa. 165, 61 Atl. 799, 1 L. R. A. (N. S.) 900, 108 Am. St. Rep. 854, 4 Ann. Cas. 723.

Looking at the situation disclosed by the allegations of the bill, which the motions to dismiss admit to be true, we find that the de-

fendant creditors and stockholders are all parties to the main proceeding by representation; the creditors by reason of having filed claims based on the Midland Packing Company's indorsement, and the stockholders because by their stock subscriptions they sustained a contractual relation to the corporation of a proprietary nature, and because they are debtors of the company by virtue of their unpaid subscriptions, the obligations which this court took jurisdiction of as part of the assets of the company when the receiver was appointed. Until the answers are all in, the various issues that may be presented are simply conjectural. It is certain, however, that there is an insolvent corporation; that there exist notes given by various stockholders for stock; that these notes were transferred to the defendant creditors and indorsed by the insolvent corporation. It does appear that, while there may be a defense to the payment of these notes by some of the stockholders, or perhaps all of them, as against the company itself, the same defense would not obtain as to the creditor defendants to the extent that it may be shown that they are creditors of the Midland Packing Company, having assumed the relation of creditor after the date of the subscription; it concededly being alleged that these stockholders had never paid the par value in cash for the stock subscribed for.

There may be, and probably will be, defenses interposed by certain of the stockholders as against the Midland Packing Company. In that event the extent of the liability to the creditors of the Midland Packing Company on the part of these various stockholder defendants may be dependent upon the amount of the indebtedness of the said company—the amount that may be realized from other sources, and possibly the amount that may be recovered or may not be recovered by certain stockholders whose liability is fixed. It may be easily understood by a casual reading of the bill of complaint herein that a primary liability may be fixed by the court, and yet, when it comes to winding up the affairs of this corporation, the distribution and payment of its debts, only the pro rata amount necessary to pay the indebtedness may be asserted as a claim against these various defendants, and their primary liability would have to be reduced accordingly. I think it may fairly be conceded, under the discussion and showing that has been made, that if this suit cannot be entertained, and if a separate action at law must be brought by the receiver against each of the stockholders of the corporation, it will necessitate several hundred actions.

Another situation develops in the reading of the bill in equity. The stockholder defendants are liable for the balance of their subscriptions evidenced by their notes, and for which the corporation is liable to the creditor defendants by reason of its indorsements, for which the creditor defendants have filed claims with the court, and which claims have been allowed. The creditor defendants cannot be compelled to collect the notes held by them, and the receiver cannot collect them by independent actions, without first having secured title and possession of the notes; and since the right of contribution exists between the stockholder defendants, and the receiver represents all

parties, I am of the opinion that a court of equity only can effect a complete and equitable adjustment between all the parties by having them before it in an ancillary proceeding of this nature. I think, too, that a casual consideration of this entire situation must convince that there is a community of interest among the defendants in every question of law and of fact presented by the controversy, and there can be no question but that the convenience of all parties will be best served by the determination of these issues here in a single suit than by repeated decisions of them in hundreds of separate actions at law. Jurisdiction on the ground of preventing a multiplicity of suits may be exercised in many cases in behalf of a single complainant against a number of defendants, although there is no common title or community or right of interest in the subject-matter among such defendants, but where there is a community of interest among them in the questions of law and fact involved in the general controversy. Hale v. Allinson, 188 U. S. 77, 23 Sup. Ct. 244, 47 L. Ed. 380.

In the case at bar, conceding that the complainant could have maintained hundreds of separate actions at law—one against each of the hundreds of stockholder defendants in this suit—nevertheless the community of interest of the defendants in every question of law and of fact involved in the controversies presented by the allegations of the bill filed in this suit, the inadequacy of hundreds of separate actions at law to obtain the ends of justice, the greater convenience and less expense for all parties in the determination of the controversies here presented in a single suit in equity, are in themselves sufficient to sustain the jurisdiction of this court on the ground that this suit avoids a multiplicity of actions at law. Wyman v. Bowman, 127 Fed. 262, 62 C. C. A. 189.

This equitable proceeding avoids a multiplicity of suits at law and affords a more complete and adequate remedy. There is similarity of issues, the recovery is uniform against all, and a fair interpretation of the bill discloses that there is a community of interest among them in the questions of law and fact involved in the general controversy. Equitable and ratable distribution of liability cannot be had in an action at law. This proceeding avoids separate actions between stockholders for contributions, and it affirmatively appears that defendants will suffer no greater inconvenience by being joined in this suit than they would in separate actions at law.

The motions to dismiss are therefore denied.